**OUTTEN & GOLDEN LLP**
Justin M. Swartz (JS 7989)
Linda A. Neilan (LN 4095)
Ossai Miazad (OM 1127)
3 Park Avenue, 29th Floor
New York, New York 10016
Telephone: (212) 245-1000

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

**JUDGE CROTTY**

'09 CIV 7717

| | |
|---|---|
| REINALDO CRUZ, BENJAMIN TETTEYFIO, ANTHONY MANNARINO, CHRISTOPHER TURKO, DONNA PETERS, DENISE RAMSEY, RAFIK MISSAK and JEFF ANDERSEN, individually and on behalf of all others similarly situated, | |
| Plaintiffs, | **CLASS ACTION COMPLAINT** |
| v. | |
| HOOK-SUPERX, L.L.C., CVS CAREMARK CORPORATION; CVS PHARMACY, INC.; CVS ALBANY, L.L.C.; NEW JERSEY CVS PHARMACY, L.L.C.; and MASSACHUSETTS CVS PHARMACY, L.L.C., | |
| Defendants. | |



Plaintiffs Reinaldo Cruz, Benjamin Tetteyfio, Anthony Mannarino, Christopher Turko,

Donna Peters, Denise Ramsey, Rafik Missak and Jeff Andersen (collectively "Plaintiffs"),

individually and on behalf of all others similarly situated as class representatives, by their

attorneys, upon personal knowledge as to themselves and upon information and belief as to other

matters, allege as follows:

## NATURE OF THE ACTION

1.      Defendants Hook-SupeRX, L.L.C.; CVS Caremark Corporation; CVS Pharmacy, Inc.; CVS Albany, L.L.C.; New Jersey CVS Pharmacy, L.L.C.; and Massachusetts CVS Pharmacy, L.L.C. (collectively "CVS"), own and operate a chain of approximately 6,900 retail drugstores located throughout the United States and employ tens of thousands of workers in these stores.

2.      Throughout the relevant period, it has been CVS's policy to deprive its assistant managers ("AMs") of earned wages. In order to avoid paying AMs overtime premiums for hours they worked in excess of 40 in a workweek, CVS has uniformly misclassified them as "executives," exempt from federal and state overtime protections. The primary duties of these purported "executives," however, are non-managerial tasks such as stocking and organizing shelves, unpacking boxes, arranging merchandise, cleaning stores, and unloading trucks. AMs' primary duties do not vary significantly from CVS store to CVS store. AMs regularly worked in excess of 40 hours per week.

3.      By the conduct described in this Complaint, Defendants have violated the Fair Labor Standards Act ("FLSA"), and various states' wage and hour laws including, but not limited to, Massachusetts, Michigan, New Jersey, New York, North Carolina, and Pennsylvania, by failing to pay their employees, including Plaintiffs, proper overtime wages as required by law. These violations arose out of Defendants' uniform company-wide policies and their pattern or practice of violating wage and hour laws.

4.      Plaintiffs bring this action on behalf of themselves and similarly situated current and former CVS AMs, excluding those in the States of Florida and Connecticut, who elect to opt-in to this action pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.*

("FLSA"), and specifically, the collective action provision of 29 U.S.C. § 216(b), to remedy violations of the overtime wage provisions of the FLSA.

5.      Plaintiffs Cruz and Tetteyfio bring this action on behalf of themselves and all similarly situated current and former CVS AMs in New York as a class action under Federal Rule of Civil Procedure 23 to remedy violations of the New York Labor Law ("NYLL") Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor regulations, and New York common law.

6.      Plaintiffs Anthony Mannarino and Christopher Turko bring this action on behalf of themselves and all similarly situated current and former CVS AMs in New Jersey as a class action under Federal Rule of Civil Procedure 23 to remedy violations of the New Jersey State Wage and Hour Law, N.J.S.A. §§ 34:11-56a *et seq.*, and the supporting regulations, N.J. Admin. Code §§ 12:56-1.1 *et seq.* ("NJSWHL").

7.      Plaintiff Donna Peters brings this action on behalf of herself and all similarly situated current and former CVS AMs in Massachusetts as a class action under Federal Rule of Civil Procedure 23 to remedy violations of the Massachusetts wage and hour law, 21 Mass. Gen. Laws Ch. 151 §§ 1A *et seq.*, including 21 Mass. Gen. Laws ch. 151 §§ 1B and 15 ("MAWHL").

8.      Plaintiff Denise Ramsey brings this action on behalf of herself and all similarly situated current and former CVS AMs in Pennsylvania as a class action under Federal Rule of Civil Procedure 23 to remedy violations of the Pennsylvania Minimum Wage Act of 1968, 43 Pa. Stat. §§ 333.101 *et seq.* ("PMWA"), including §§ 333.104(c) and 333.108, and the Wage Payment and Collection Law, 43 Pa. Stat. §§ 260.1 *et seq.* ("WPCL"), as a class action pursuant to Fed. R. Civ. P. 23.

9.  Plaintiff Rafik Missak brings this action on behalf of himself and all similarly situated current and former CVS AMs in North Carolina as a class action under Federal Rule of Civil Procedure 23 to remedy violations of the North Carolina Wage and Hour Act, N.C. Gen. Stat. §§ 95-24 *et seq.* and §§ 95-25 *et seq.* ("NCWHA"), including §§ 95-25.4 and 95-25.22.

10. Plaintiff Jeff Andersen brings this action on behalf of himself and all similarly situated current and former CVS AMs in Michigan as a class action under Federal Rule of Civil Procedure 23 to remedy violations of the Michigan Minimum Wage Law, Mich. Comp. Laws §§ 408.381 *et seq.* ("MMWL"), including §§ 408.384a and 408.393, as a class action pursuant to Fed. R. Civ. P. 23.

## THE PARTIES

### Plaintiff Reinaldo Cruz

11. Plaintiff Cruz is an adult individual who is a resident of Queens, New York.

12. Cruz was employed by Defendants as an AM in Brooklyn, New York from June 2006 through June 2009.

13. Cruz is a covered employee within the meaning of the FLSA and the NYLL.

14. A written consent form for Cruz is attached to this Complaint.

### Plaintiff Benjamin Tetteyfio

15. Plaintiff Tetteyfio is an adult individual who is a resident of the Bronx, New York.

16. Tetteyfio was employed by Defendants as an AM in Bronx, New York from approximately November 2002 through November 2003 and again from November 2005 through November 2006.

17. Tetteyfio is a covered employee within the meaning of the FLSA and the NYLL.

4

18.    A written consent form for Tetteyfio is attached to this Complaint.

***Plaintiff Anthony Mannarino***

19.    Plaintiff Mannarino is an adult individual who is a resident of Toms River, New Jersey.

20.    Mannarino was employed by Defendants as an AM in New Jersey from approximately July 2004 through March 2008.

21.    Mannarino is a covered employee within the meaning of the FLSA and New Jersey law.

22.    A written consent form for Mannarino is attached to this Complaint.

***Plaintiff Donna Peters***

23.    Plaintiff Donna Peters is an adult individual who is a resident of Brokton, Massachusetts.

24.    Peters was employed by Defendants as an AM in Massachusetts from approximately January 2008 through December 2008.

25.    Peters is a covered employee within the meaning of the FLSA and Massachusetts law.

26.    A written consent form for Peters is attached to this Complaint.

***Plaintiff Denise Ramsey***

27.    Plaintiff Denise Ramsey is an adult individual who is a resident of Morrisville, Pennsylvania.

28.    Ramsey was employed by Defendants as an AM in Pennsylvania from approximately April 2008 through January 2009.

29.    Ramsey is a covered employee within the meaning of the FLSA and Pennsylvania law.

30.    A written consent form for Ramsey is attached to this Complaint.

***Plaintiff Rafik Missak***

31.    Plaintiff Rafik Missak is an adult individual who is a resident of Mount Holly, North Carolina.

32.    Missak was employed by Defendants as an AM in North Carolina from approximately October 2006 through July 2008.

33.    Missak is a covered employee within the meaning of the FLSA and North Carolina law.

34.    A written consent form for Missak is attached to this Complaint.

***Plaintiff Jeff Andersen***

35.    Plaintiff Jeff Andersen is an adult individual who is a resident of New Baltimore, Michigan.

36.    Andersen was employed by Defendants as an AM in Michigan from October 2006 through January 2008.

37.    Andersen is a covered employee within the meaning of the FLSA and Michigan law.

38.    A written consent form for Andersen is attached to this Complaint.

***The Defendants***

39.    Upon information and belief, Defendants maintain control, oversight, and direction over the operation of the facilities and offices in which Plaintiffs worked, including the payroll and other employment practices therein.

40.     Defendant Hook-SupeRx, L.L.C., is a wholly owned subsidiary of CVS Pharmacy, Inc., and a Delaware limited liability company. Upon information and belief, Hook-SupeRx, L.L.C., operates drugstores in the states of New York, New Jersey, Indiana, West Virginia, Ohio, Rhode Island, Kentucky, and Massachusetts.

41.     Defendant CVS Caremark Corporation is a Delaware corporation with corporate headquarters at 1 CVS Drive, Woonsocket, RI 02895. Upon information and belief, CVS Caremark Corporation was created following the merger of CVS Pharmacy, Inc., and Caremark Rx, Inc., in March 2007.

42.     Defendant CVS Pharmacy, Inc. is a wholly owned subsidiary of CVS Caremark Corporation. CVS Pharmacy, Inc. is a Rhode Island corporation with corporate headquarters at 1 CVS Drive, Woonsocket, RI 02895.

43.     Defendant CVS Albany, L.L.C., is a subsidiary of CVS Caremark Corporation and a New York limited liability company.

44.     Defendant New Jersey CVS Pharmacy, L.L.C, is a subsidiary of CVS Caremark Corporation and a New Jersey limited liability company.

45.     Defendant Massachusetts CVS Pharmacy, L.L.C., is a subsidiary of CVS Caremark Corporation and a Massachusetts limited liability company.

46.     Upon information and belief, CVS Caremark Corporation had net earnings of $3.212 billion and 6,923 retail stores in 2008.

47.     Defendants functioned as the "employers" of Plaintiffs as that term is used in all relevant laws.

## JURISDICTION AND VENUE

48.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337, diversity jurisdiction pursuant to 28 U.S.C. § 1332, and supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

49.     In addition, the Court has jurisdiction over Plaintiffs' claims under the FLSA pursuant to 29 U.S.C. § 216(b).

50.     The amount in controversy in this matter exceeds the sum or value of $5,000,000, exclusive of interest and costs.

51.     At least one member of the proposed class is a citizen of a state different from that of at least one Defendant.

52.     Plaintiffs' claims involve matters of national or interstate interest.

53.     Citizenship of the members of the proposed class is dispersed among a substantial number of states.

54.     Upon information and belief, greater than two-thirds of the members of all proposed plaintiff classes in the aggregate are not citizens of the same state.

55.     Upon information and belief, at least one Defendant resides in New York.

56.     Upon information and belief, at least one Defendant is subject to personal jurisdiction in New York.

57.     This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

58.     Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391. A substantial part of the events or omissions giving rise to claims in this Class Action Complaint occurred in the Bronx, New York.

8

## CLASS ACTION ALLEGATIONS

*The New York Class*

59.     Mr. Cruz and Mr. Tetteyfio ("New York Plaintiffs") bring the Second Cause of Action under Rule 23 of the Federal Rules of Civil Procedure, on behalf of themselves and a class consisting of all persons who have worked for Defendants as AMs in New York between September 4, 2003, and the date of final judgment in this matter (the "New York Class").

60.     Excluded from the New York Class are Defendants' legal representatives, officers, directors, assigns, and successors, or any individual who has, or who at any time during the class period has had, a controlling interest in Defendants; the Judge(s) to whom this case is assigned and any member of the Judges' immediate family; and all persons who will submit timely and otherwise proper requests for exclusion from the New York Class.

61.     The persons in the New York Class identified above are so numerous that joinder of all members is impracticable.  Although the precise number of such persons is not known to Plaintiffs, the facts on which the calculation of that number can be based are presently within the sole control of Defendants.

62.     Upon information and belief, the size of the New York Class is at least 50 workers.

63.     Defendants acted or refused to act on grounds generally applicable to the New York Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the New York Class as a whole.

64.     The Second Cause of Action is properly maintainable as a class action under Federal Rule of Civil Procedure 23(b)(3).  There are questions of law and fact common to the New York Class that predominate over any questions solely affecting individual members of the

9

New York Class, including but not limited to:

   a. whether Defendants failed to keep true and accurate time records for all hours worked by the New York Plaintiff and the New York Class;

   b. what proof of hours worked is sufficient where an employer fails in its duty to maintain true and accurate time records;

   c. whether Defendants failed and/or refused to pay the New York Plaintiffs and the New York Class overtime pay for hours worked in excess of 40 hours per workweek within the meaning of NYLL Article 19, §§ 650 *et seq*., and the supporting New York State Department of Labor Regulations, 12 N.Y.C.R.R. Part 142;

   d. the nature and extent of New York Class-wide injury and the appropriate measure of damages for the New York Class;

   e. whether Defendants have a policy of misclassifying workers as exempt from coverage of the overtime provisions of the FLSA and NYLL; and

   f. whether Defendants' policy of misclassifying workers was done willfully or with reckless disregard of the statute.

  65. The claims of the New York Plaintiffs are typical of the claims of the New York Class they seek to represent. The New York Plaintiffs and the New York Class Members work or have worked for Defendants and have been subjected to their policy and pattern or practice of failing to pay overtime wages for hours worked in excess of 40 hours per week. Defendants acted and refused to act on grounds generally applicable to the New York Class, thereby making declaratory relief with respect to the New York Class appropriate.

  66. The New York Plaintiffs will fairly and adequately represent and protect the interests of the New York Class. The New York Plaintiffs understand that, as class

representatives, they assume a fiduciary responsibility to the New York Class to represent its interests fairly and adequately. The New York Plaintiffs recognize that as class representatives, they must represent and consider the interests of the New York Class just as they would represent and consider their own interests. The New York Plaintiffs understand that in decisions regarding the conduct of the litigation and its possible settlement, they must not favor their own interests over those of the New York Class. The New York Plaintiffs recognize that any resolution of a class action lawsuit, including any settlement or dismissal thereof, must be in the best interests of the New York Class. The New York Plaintiffs understand that in order to provide adequate representation, they must remain informed of developments in the litigation, cooperate with class counsel by providing them with information and any relevant documentary material in their possession, and testify, if required, in a deposition and in trial.

67.     The New York Plaintiffs have retained counsel competent and experienced in complex class action employment litigation.

68.     A class action is superior to other available methods for the fair and efficient adjudication of this litigation – particularly in the context of wage litigation like the present action, where individual plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant. The members of the New York Class have been damaged and are entitled to recovery as a result of Defendants' common and uniform policies, practices, and procedures. Although the relative damages suffered by individual members of the New York Class are not *de minimis*, such damages are small compared to the expense and burden of individual prosecution of this litigation. In addition, class treatment is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendants' practices.

11

*The New Jersey Class*

69.      Anthony Mannarino and Christopher Turko ("New Jersey Plaintiffs") bring the

Third Cause of Action under Rule 23 of the Federal Rules of Civil Procedure, on behalf of

themselves and a class consisting of all persons who have worked for Defendants as AMs in

New Jersey between September 4, 2007, and the date of final judgment in this matter (the "New

Jersey Class").

70.      Excluded from the New Jersey Class are Defendants' legal representatives,

officers, directors, assigns, and successors, or any individual who has, or who at any time during

the class period has had, a controlling interest in Defendants; the Judge(s) to whom this case is

assigned and any member of the Judges' immediate family; and all persons who will submit

timely and otherwise proper requests for exclusion from the New Jersey Class.

71.      The persons in the New Jersey Class identified above are so numerous that

joinder of all members is impracticable.  Although the precise number of such persons is not

known to Plaintiffs, the facts on which the calculation of that number can be based are presently

within the sole control of Defendants.

72.      Upon information and belief, the size of the New Jersey Class is at least 50

workers.

73.      Defendants acted or refused to act on grounds generally applicable to the New

Jersey Class, thereby making appropriate final injunctive relief or corresponding declaratory

relief with respect to the New Jersey Class as a whole.

74.      The Third Cause of Action is properly maintainable as a class action under

Federal Rule of Civil Procedure 23(b)(3).  There are questions of law and fact common to the

New Jersey Class that predominate over any questions solely affecting individual members of

the New Jersey Class, including but not limited to:

      a.     whether Defendants failed to keep true and accurate time records for all hours worked by the New Jersey Plaintiffs and the New Jersey Class;

      b.     what proof of hours worked is sufficient where an employer fails in its duty to maintain true and accurate time records;

      c.     whether Defendants failed and/or refused to pay the New Jersey Plaintiffs and the New Jersey Class overtime pay for hours worked in excess of 40 hours per workweek within the meaning of the N.J.S.A. §§ 34:11-56a *et seq.*, and the supporting New Jersey State Department of Labor Regulations, N.J. Admin. Code §§ 12:56-1.1 *et seq.*;

      d.     the nature and extent of New Jersey Class-wide injury and the appropriate measure of damages for the New Jersey Class;

      e.     whether Defendants have a policy of misclassifying workers as exempt from coverage of the overtime provisions of the FLSA and NJSWHL; and

      f.     whether Defendants' policy of misclassifying workers was done willfully or with reckless disregard of the statute.

      75.     The claims of the New Jersey Plaintiffs are typical of the claims of the New Jersey Class they seek to represent. The New Jersey Plaintiffs and the New Jersey Class Members work or have worked for Defendants and have been subjected to their policy and pattern or practice of failing to pay overtime wages for hours worked in excess of 40 hours per week. Defendants acted and refused to act on grounds generally applicable to the New Jersey Class, thereby making declaratory relief with respect to the New Jersey Class appropriate.

      76.     The New Jersey Plaintiffs will fairly and adequately represent and protect the interests of the New Jersey Class. The New Jersey Plaintiffs understand that, as the class

representatives, they assume a fiduciary responsibility to the New Jersey Class to represent its interests fairly and adequately. The New Jersey Plaintiffs recognize that as the class representative, they must represent and consider the interests of the New Jersey Class just as they would represent and consider their own interests. The New Jersey Plaintiffs understand that in decisions regarding the conduct of the litigation and its possible settlement, they must not favor their own interests over those of the New Jersey Class. The New Jersey Plaintiffs recognize that any resolution of a class action lawsuit, including any settlement or dismissal thereof, must be in the best interests of the New Jersey Class. The New Jersey Plaintiffs understand that in order to provide adequate representation, they must remain informed of developments in the litigation, cooperate with class counsel by providing them with information and any relevant documentary material in their possession, and testify, if required, in a deposition and in trial.

77.     The New Jersey Plaintiffs have retained counsel competent and experienced in complex class action employment litigation.

78.     A class action is superior to other available methods for the fair and efficient adjudication of this litigation – particularly in the context of wage litigation like the present action, where individual plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant. The members of the New Jersey Class have been damaged and are entitled to recovery as a result of Defendants' common and uniform policies, practices, and procedures. Although the relative damages suffered by individual members of the New Jersey Class are not *de minimis*, such damages are small compared to the expense and burden of individual prosecution of this litigation. In addition, class treatment is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendants' practices.

14

*The Massachusetts Class*

79.     Plaintiff Donna Peters ("Massachusetts Plaintiff") brings the Fourth Cause of Action under Rule 23 of the Federal Rules of Civil Procedure, on behalf of herself and a class consisting of all persons who have worked for Defendants as AMs in Massachusetts between September 4, 2007, and the date of final judgment in this matter (the "Massachusetts Class").

80.     Excluded from the Massachusetts Class are Defendants' legal representatives, officers, directors, assigns, and successors, or any individual who has, or who at any time during the class period has had, a controlling interest in Defendants; the Judge(s) to whom this case is assigned and any member of the Judges' immediate family; and all persons who will submit timely and otherwise proper requests for exclusion from the Massachusetts Class.

81.     The persons in the Massachusetts Class identified above are so numerous that joinder of all members is impracticable.  Although the precise number of such persons is not known to Plaintiffs, the facts on which the calculation of that number can be based are presently within the sole control of Defendants.

82.     Upon information and belief, the size of the Massachusetts Class is at least 50 workers.

83.     Defendants acted or refused to act on grounds generally applicable to the Massachusetts Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Massachusetts Class as a whole.

84.     The Fourth Cause of Action is properly maintainable as a class action under Federal Rule of Civil Procedure 23(b)(3).  There are questions of law and fact common to the Massachusetts Class that predominate over any questions solely affecting individual members of the Massachusetts Class, including but not limited to:

a.      whether Defendants failed to keep true and accurate time records for all

hours worked by the Massachusetts Plaintiff and the Massachusetts Class;

b.      what proof of hours worked is sufficient where an employer fails in its

duty to maintain true and accurate time records;

c.      whether Defendants failed and/or refused to pay the Massachusetts

Plaintiff and the Massachusetts Class overtime pay for hours worked in excess of 40 hours per

workweek within the meaning of 21 Mass. Gen. Laws Ch. 151 §§ 1A *et seq*.;

d.      the nature and extent of Massachusetts Class-wide injury and the

appropriate measure of damages for the Massachusetts Class;

e.      whether Defendants have a policy of misclassifying workers as exempt

from coverage of the overtime provisions of the FLSA and Massachusetts wage and hour laws;

and

f.      whether Defendants' policy of misclassifying workers was done willfully

or with reckless disregard of the statute.

85.    The claims of the Massachusetts Plaintiff are typical of the claims of the

Massachusetts Class she seeks to represent. The Massachusetts Plaintiff and the Massachusetts

Class Members work or have worked for Defendants and have been subjected to their policy and

pattern or practice of failing to pay overtime wages for hours worked in excess of 40 hours per

week. Defendants acted and refused to act on grounds generally applicable to the Massachusetts

Class, thereby making declaratory relief with respect to the Massachusetts Class appropriate.

86.    The Massachusetts Plaintiff will fairly and adequately represent and protect the

interests of the Massachusetts Class. The Massachusetts Plaintiff understands that, as the class

representative, she assumes a fiduciary responsibility to the Massachusetts Class to represent its

interests fairly and adequately. The Massachusetts Plaintiff recognizes that as the class representative, she must represent and consider the interests of the Massachusetts Class just as she would represent and consider her own interests. The Massachusetts Plaintiff understands that in decisions regarding the conduct of the litigation and its possible settlement, she must not favor her own interests over those of the Massachusetts Class. The Massachusetts Plaintiff recognizes that any resolution of a class action lawsuit, including any settlement or dismissal thereof, must be in the best interests of the Massachusetts Class. The Massachusetts Plaintiff understands that in order to provide adequate representation, she must remain informed of developments in the litigation, cooperate with class counsel by providing them with information and any relevant documentary material in their possession, and testify, if required, in a deposition and in trial.

87.     The Massachusetts Plaintiff has retained counsel competent and experienced in complex class action employment litigation.

88.     A class action is superior to other available methods for the fair and efficient adjudication of this litigation – particularly in the context of wage litigation like the present action, where individual plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant. The members of the Massachusetts Class have been damaged and are entitled to recovery as a result of Defendants' common and uniform policies, practices, and procedures. Although the relative damages suffered by individual members of the Massachusetts Class are not *de minimis*, such damages are small compared to the expense and burden of individual prosecution of this litigation. In addition, class treatment is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendants' practices.

*The Pennsylvania Class*

89.     Plaintiff Denise Ramsey ("Pennsylvania Plaintiff") brings the Fifth Cause of Action under Rule 23 of the Federal Rules of Civil Procedure, on behalf of himself and a class consisting of all persons who have worked for Defendants as AMs in Pennsylvania between September 4, 2005, and the date of final judgment in this matter (the "Pennsylvania Class").

90.     Excluded from the Pennsylvania Class are Defendants' legal representatives, officers, directors, assigns, and successors, or any individual who has, or who at any time during the class period has had, a controlling interest in Defendants; the Judge(s) to whom this case is assigned and any member of the Judges' immediate family; and all persons who will submit timely and otherwise proper requests for exclusion from the Pennsylvania Class.

91.     The persons in the Pennsylvania Class identified above are so numerous that joinder of all members is impracticable.  Although the precise number of such persons is not known to Plaintiffs, the facts on which the calculation of that number can be based are presently within the sole control of Defendants.

92.     Upon information and belief, the size of the Pennsylvania Class is at least 50 workers.

93.     Defendants acted or refused to act on grounds generally applicable to the Pennsylvania Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Pennsylvania Class as a whole.

94.     The Fifth Cause of Action is properly maintainable as a class action under Federal Rule of Civil Procedure 23(b)(3).  There are questions of law and fact common to the Pennsylvania Class that predominate over any questions solely affecting individual members of the Pennsylvania Class, including but not limited to:

18

       a.     whether Defendants failed to keep true and accurate time records for all hours worked by the Pennsylvania Plaintiff and the Pennsylvania Class;

       b.     what proof of hours worked is sufficient where an employer fails in its duty to maintain true and accurate time records;

       c.     whether Defendants failed and/or refused to pay the Pennsylvania Plaintiff and the Pennsylvania Class overtime pay for hours worked in excess of 40 hours per workweek within the meaning of the PMWA, 43 Pa. Stat §§ 333.101 *et seq.*, and the WPCL, 43 Pa. Stat. §§ 260.1 *et seq.*;

       d.     the nature and extent of Pennsylvania Class-wide injury and the appropriate measure of damages for the Pennsylvania Class;

       e.     whether Defendants have a policy of misclassifying workers as exempt from coverage of the overtime provisions of the FLSA, PMWA, and WPCL; and

       f.     whether Defendants' policy of misclassifying workers was done willfully or with reckless disregard of the statute.

95.     The claims of the Pennsylvania Plaintiff are typical of the claims of the Pennsylvania Class she seeks to represent. The Pennsylvania Plaintiff and the Pennsylvania Class Members work or have worked for Defendants and have been subjected to their policy and pattern or practice of failing to pay overtime wages for hours worked in excess of 40 hours per week. Defendants acted and refused to act on grounds generally applicable to the Pennsylvania Class, thereby making declaratory relief with respect to the Pennsylvania Class appropriate.

96.     The Pennsylvania Plaintiff will fairly and adequately represent and protect the interests of the Pennsylvania Class. The Pennsylvania Plaintiff understands that, as the class representative, she assumes a fiduciary responsibility to the Pennsylvania Class to represent its

interests fairly and adequately. The Pennsylvania Plaintiff recognizes that as the class representative, she must represent and consider the interests of the Pennsylvania Class just as she would represent and consider her own interests. The Pennsylvania Plaintiff understands that in decisions regarding the conduct of the litigation and its possible settlement, she must not favor her own interests over those of the Pennsylvania Class. The Pennsylvania Plaintiff recognizes that any resolution of a class action lawsuit, including any settlement or dismissal thereof, must be in the best interests of the Pennsylvania Class. The Pennsylvania Plaintiff understands that in order to provide adequate representation, she must remain informed of developments in the litigation, cooperate with class counsel by providing them with information and any relevant documentary material in their possession, and testify, if required, in a deposition and in trial.

97.     The Pennsylvania Plaintiff has retained counsel competent and experienced in complex class action employment litigation.

98.     A class action is superior to other available methods for the fair and efficient adjudication of this litigation – particularly in the context of wage litigation like the present action, where individual plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant. The members of the Pennsylvania Class have been damaged and are entitled to recovery as a result of Defendants' common and uniform policies, practices, and procedures. Although the relative damages suffered by individual members of the Pennsylvania Class are not *de minimis*, such damages are small compared to the expense and burden of individual prosecution of this litigation. In addition, class treatment is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendants' practices.

*The North Carolina Class*

99.     Plaintiff Rafik Missak ("North Carolina Plaintiff") brings the Sixth Cause of Action under Rule 23 of the Federal Rules of Civil Procedure, on behalf of himself and a class of persons consisting of all persons who have worked for Defendants as AMs in North Carolina between September 4, 2007, and the date of final judgment in this matter (the "North Carolina Class").

100.    Excluded from the North Carolina Class are Defendants' legal representatives, officers, directors, assigns, and successors, or any individual who has, or who at any time during the class period has had, a controlling interest in Defendants; the Judge(s) to whom this case is assigned and any member of the Judges' immediate family; and all persons who will submit timely and otherwise proper requests for exclusion from the North Carolina Class.

101.    The persons in the North Carolina Class identified above are so numerous that joinder of all members is impracticable.  Although the precise number of such persons is not known to Plaintiffs, the facts on which the calculation of that number can be based are presently within the sole control of Defendants.

102.    Defendants acted or refused to act on grounds generally applicable to the North Carolina Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the North Carolina Class as a whole.

103.    The Sixth Cause of Action is properly maintainable as a class action under Federal Rule of Civil Procedure 23(b)(3).  There are questions of law and fact common to the North Carolina Class that predominate over any questions solely affecting individual members of the North Carolina Class, including but not limited to:

    a.     whether Defendants failed to keep true and accurate time records for all

hours worked by the North Carolina Plaintiff and the North Carolina Class;

    b.  what proof of hours worked is sufficient where an employer fails in its duty to maintain true and accurate time records;

    c.  whether Defendants failed and/or refused to pay the North Carolina Plaintiff and the North Carolina Class overtime pay for hours worked in excess of 40 hours per workweek within the meaning of the NCWHA, N.C. Gen. Stat. §§ 95-24 *et seq*. and §§ 95-25 *et seq.*, and the supporting North Carolina implementing regulations;

    d.  the nature and extent of North Carolina Class-wide injury and the appropriate measure of damages for the North Carolina Class;

    e.  whether Defendants have a policy of misclassifying workers as exempt from coverage of the overtime provisions of the FLSA and NCWHA; and

    f.  whether Defendants' policy of misclassifying workers was done willfully or with reckless disregard of the statute.

   104.  The claims of the North Carolina Plaintiff are typical of the claims of the North Carolina Class he seeks to represent. The North Carolina Plaintiff and the North Carolina Class Members work or have worked for Defendants and have been subjected to their policy and pattern or practice of failing to pay overtime wages for hours worked in excess of 40 hours per week. Defendants acted and refused to act on grounds generally applicable to the North Carolina Class, thereby making declaratory relief with respect to the North Carolina Class appropriate.

   105.  The North Carolina Plaintiff will fairly and adequately represent and protect the interests of the North Carolina Class. The North Carolina Plaintiff understands that, as the class representative, he assumes a fiduciary responsibility to the North Carolina Class to represent its interests fairly and adequately. The North Carolina Plaintiff recognizes that as the class

representative, he must represent and consider the interests of the North Carolina Class just as he would represent and consider his own interests. The North Carolina Plaintiff understands that in decisions regarding the conduct of the litigation and its possible settlement, he must not favor his own interests over those of the North Carolina Class. The North Carolina Plaintiff recognizes that any resolution of a class action lawsuit, including any settlement or dismissal thereof, must be in the best interests of the North Carolina Class. The North Carolina Plaintiff understands that in order to provide adequate representation, he must remain informed of developments in the litigation, cooperate with class counsel by providing them with information and any relevant documentary material in their possession, and testify, if required, in a deposition and in trial.

106.    The North Carolina Plaintiff has retained counsel competent and experienced in complex class action employment litigation.

107.    A class action is superior to other available methods for the fair and efficient adjudication of this litigation – particularly in the context of wage litigation like the present action, where individual plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant. The members of the North Carolina Class have been damaged and are entitled to recovery as a result of Defendants' common and uniform policies, practices, and procedures. Although the relative damages suffered by individual members of the North Carolina Class are not *de minimis*, such damages are small compared to the expense and burden of individual prosecution of this litigation. In addition, class treatment is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendants' practices.

*The Michigan Class*

108.    Plaintiff Jeff Andersen ("Michigan Plaintiff") brings the Seventh Cause of Action under Rule 23 of the Federal Rules of Civil Procedure, on behalf of himself and a class consisting of all persons who have worked for Defendants as AMs in Michigan between September 4, 2006, and the date of final judgment in this matter (the "Michigan Class").

109.    Excluded from the Michigan Class are Defendants' legal representatives, officers, directors, assigns, and successors, or any individual who has, or who at any time during the class period has had, a controlling interest in Defendants; the Judge(s) to whom this case is assigned and any member of the Judges' immediate family; and all persons who will submit timely and otherwise proper requests for exclusion from the Michigan Class.

110.    The persons in the Michigan Class identified above are so numerous that joinder of all members is impracticable.  Although the precise number of such persons is not known to Plaintiffs, the facts on which the calculation of that number can be based are presently within the sole control of Defendants.

111.    Defendants acted or refused to act on grounds generally applicable to the Michigan Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Michigan Class as a whole.

112.    The Seventh Cause of Action is properly maintainable as a class action under Federal Rule of Civil Procedure 23(b)(3).  There are questions of law and fact common to the Michigan Class that predominate over any questions solely affecting individual members of the Michigan Class, including but not limited to:

        a.    whether Defendants failed to keep true and accurate time records for all hours worked by the Michigan Plaintiff and the Michigan Class;

b.      what proof of hours worked is sufficient where an employer fails in its duty to maintain true and accurate time records;

c.      whether Defendants failed and/or refused to pay the Michigan Plaintiff and the Michigan Class overtime pay for hours worked in excess of 40 hours per workweek within the meaning of the MMWL, Mich. Comp. Laws §§ 408.381 *et seq.*;

d.      the nature and extent of Michigan Class-wide injury and the appropriate measure of damages for the Michigan Class;

e.      whether Defendants have a policy of misclassifying workers as exempt from coverage of the overtime provisions of the FLSA and MMWL; and

f.      whether Defendants' policy of misclassifying workers was done willfully or with reckless disregard of the statute.

113.    The claims of the Michigan Plaintiff are typical of the claims of the Michigan Class he seeks to represent. The Michigan Plaintiff and the Michigan Class Members work or have worked for Defendants and have been subjected to their policy and pattern or practice of failing to pay overtime wages for hours worked in excess of 40 hours per week. Defendants acted and refused to act on grounds generally applicable to the Michigan Class, thereby making declaratory relief with respect to the Michigan Class appropriate.

114.    The Michigan Plaintiff will fairly and adequately represent and protect the interests of the Michigan Class. The Michigan Plaintiff understands that, as the class representative, he assumes a fiduciary responsibility to the Michigan Class to represent its interests fairly and adequately. The Michigan Plaintiff recognizes that as the class representative, he must represent and consider the interests of the Michigan Class just as he would represent and consider his own interests. The Michigan Plaintiff understands that in

decisions regarding the conduct of the litigation and its possible settlement, he must not favor his own interests over those of the Michigan Class. The Michigan Plaintiff recognizes that any resolution of a class action lawsuit, including any settlement or dismissal thereof, must be in the best interests of the Michigan Class. The Michigan Plaintiff understands that in order to provide adequate representation, he must remain informed of developments in the litigation, cooperate with class counsel by providing them with information and any relevant documentary material in their possession, and testify, if required, in a deposition and in trial.

115.    The Michigan Plaintiff has retained counsel competent and experienced in complex class action employment litigation.

116.    A class action is superior to other available methods for the fair and efficient adjudication of this litigation – particularly in the context of wage litigation like the present action, where individual plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant. The members of the Michigan Class have been damaged and are entitled to recovery as a result of Defendants' common and uniform policies, practices, and procedures. Although the relative damages suffered by individual members of the Michigan Class are not *de minimis*, such damages are small compared to the expense and burden of individual prosecution of this litigation. In addition, class treatment is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendants' practices.

## COLLECTIVE ACTION ALLEGATIONS

117.    All Plaintiffs bring FLSA claims, the First Cause of Action, on behalf of themselves and all similarly situated persons who have worked for Defendants as AMs, who elect to opt-in to this action, excluding those who worked in the States of Florida or Connecticut (the "FLSA Collective").

118.    Defendants are liable under the FLSA for, *inter alia*, failing to properly compensate Plaintiffs and the FLSA Collective. The FLSA claims in this lawsuit should be adjudicated as a collective action. Upon information and belief, there are many similarly situated current and former employees of Defendants who have been underpaid in violation of the FLSA who would benefit from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join the present lawsuit. Those similarly situated employees are known to Defendants, are readily identifiable, and can be located through Defendants' records. Notice should be sent to the FLSA Collective pursuant to 29 U.S.C. § 216(b).

## CLASS-WIDE FACTUAL ALLEGATIONS

119.    All of the work that Plaintiffs, the New York Class Members, the New Jersey Class Members, the Massachusetts Class Members, the Pennsylvania Class Members, the North Carolina Class Members, the Michigan Class Members, and the FLSA Collective Members (collectively "Class Members") have performed has been assigned by Defendants and/or Defendants have been aware of all of the work that Plaintiffs and the Class Members have performed.

120.    Upon information and belief, it has been Defendants' nationwide policy and pattern or practice to classify AMs as executives exempt from coverage of the overtime provisions of the FLSA and state wage and hour laws, without reference to the duties these

workers performed.

121.     As part of its regular business practice, Defendants have intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA and state wage and hour laws.  This policy and pattern or practice includes but is not limited to:

   a.   willfully failing to record all of the time that their employees, including Plaintiffs and the Class Members, have worked for the benefit of the Defendants;

   b.   willfully failing to keep payroll records as required by the FLSA and state wage and hour laws;

   c.   willfully misclassifying the Plaintiffs and the Class Members as exempt from the requirements of the FLSA; and

   d.   willfully failing to pay their employees, including Plaintiffs and the Class Members, overtime wages for hours that they worked in excess of 40 hours per week.

122.     Upon information and belief, Defendants' unlawful conduct described in this Complaint is pursuant to a corporate policy or practice of minimizing labor costs by violating the FLSA and state wage and hour laws.

123.     Upon information and belief, CVS was or should have been aware that state and federal law required it to pay employees performing non-exempt duties an overtime premium for hours worked in excess of 40 per week.

124.     Upon information and belief, CVS was aware, or should have been, that these employees, *inter alia*: (a) primarily or solely performed stocking duties and other manual labor; (b) performed little or no supervisory functions; and (c) wielded little or no discretion in the performance of their duties.

28

125.    Upon information and belief, despite their job duties, CVS intentionally designated Plaintiffs and the Class Members as "managerial" employees in order to attempt to justify classifying them as exempt from overtime protections and avoid liability for overtime payments properly due Plaintiffs and the Class Members.

126.    CVS's failure to pay Plaintiffs and the Class Members overtime wages for their work in excess of 40 hours per week was willful.

127.    Defendant's unlawful conduct has been widespread, repeated, and consistent.

### PLAINTIFFS' FACTUAL ALLEGATIONS

**Plaintiff Cruz**

128.    Cruz's primary job duties were manual labor and other non-managerial tasks.

129.    Cruz regularly worked more than 40 hours per workweek.

130.    Pursuant to CVS's policy and pattern or practice, CVS classified Cruz as exempt from overtime pay requirements and willfully failed to pay him a proper overtime premium for hours he worked for Defendants' benefit in excess of 40 hours per workweek.

131.    Defendants failed to keep accurate records of Cruz's hours worked.

**Plaintiff Tetteyfio**

132.    Tetteyfio's primary job duties were manual labor and other non-managerial tasks.

133.    Tetteyfio's regularly worked more than 40 hours per workweek.

134.    Pursuant to CVS's policy and pattern or practice, CVS classified Tetteyfio as exempt from overtime pay requirements and willfully failed to pay him a proper overtime premium for hours he worked for Defendants' benefit in excess of 40 hours per workweek.

135.    Defendants failed to keep accurate records of Tetteyfio's hours worked.

**Plaintiff Mannarino**

136.   Mannarino's primary job duties were manual labor and other non-managerial tasks.

137.   Mannarino regularly worked more than 40 hours per workweek.

138.   Pursuant to CVS's policy and pattern or practice, CVS classified Mannarino as exempt from overtime pay requirements and willfully failed to pay him a proper overtime premium for hours he worked for Defendants' benefit in excess of 40 hours per workweek.

139.   Defendants failed to keep accurate records of Mannarino's hours worked.

**Plaintiff Peters**

140.   Peters's primary job duties were manual labor and other non-managerial tasks.

141.   Peters's regularly worked more than 40 hours per workweek.

142.   Pursuant to CVS's policy and pattern or practice, CVS classified Peters as exempt from overtime pay requirements and willfully failed to pay her a proper overtime premium for hours she worked for Defendants' benefit in excess of 40 hours per workweek.

143.   Defendants failed to keep accurate records of Peter's hours worked.

**Plaintiff Ramsey**

144.   Ramsey's primary job duties were manual labor and other non-managerial tasks.

145.   Ramsey regularly worked more than 40 hours per workweek.

146.   Pursuant to CVS's policy and pattern or practice, CVS classified Ramsey as exempt from overtime pay requirements and willfully failed to pay her a proper overtime premium for hours she worked for Defendants' benefit in excess of 40 hours per workweek.

147.   Defendants failed to keep accurate records of Ramsey's hours worked.

**Plaintiff Missak**

148.    Missak's primary job duties were manual labor and other non-managerial tasks.

149.    Missak regularly worked more than 40 hours per workweek.

150.    Pursuant to CVS's policy and pattern or practice, CVS classified Missak as exempt from overtime pay requirements and willfully failed to pay him a proper overtime premium for hours he worked for Defendants' benefit in excess of 40 hours per workweek.

151.    Defendants failed to keep accurate records of Missak's hours worked.

**Plaintiff Andersen**

152.    Andersen's primary job duties were manual labor and other non-managerial tasks.

153.    Andersen regularly worked more than 40 hours per workweek.

154.    Pursuant to CVS's policy and pattern or practice, CVS classified Andersen as exempt from overtime pay requirements and willfully failed to pay him a proper overtime premium for hours he worked for Defendants' benefit in excess of 40 hours per workweek.

155.    Defendants failed to keep accurate records of Andersen's hours worked.

## FIRST CAUSE OF ACTION
### Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.*
### On behalf of Plaintiffs and the FLSA Collective

156.    Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

157.    Defendants engaged in a widespread pattern, policy, and practice of violating the FLSA, as detailed in this Class Action Complaint.

158.    At all times relevant, Plaintiffs and the members of the FLSA Collective were engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

159.    The overtime wage provisions set forth in the FLSA apply to Defendants and protect Plaintiffs and the FLSA Collective.

160.    Defendants were employers engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

161.    At all times relevant, Plaintiffs and the members of the FLSA Collective were or have been employees within the meaning of 29 U.S.C. §§ 203(e) and 207(a).

162.    CVS Caremark Corporation employed Plaintiffs and the members of the FLSA Collective as an employer and/or a joint employer.

163.    CVS Pharmacy, Inc., a subsidiary of CVS Caremark Corporation, employed Plaintiffs and the members of the FSLA Collective as an employer and/or a joint employer.

164.    CVS Albany, L.L.C., a subsidiary of CVS Caremark Corporation, employed Plaintiffs and the members of the FSLA Collective as an employer and/or a joint employer.

165.    New Jersey CVS Pharmacy, L.L.C., a subsidiary of CVS Caremark Corporation, employed Plaintiffs and the members of the FSLA Collective as an employer and/or a joint employer.

166.    Massachusetts CVS Pharmacy, L.L.C., a subsidiary of CVS Caremark Corporation, employed Plaintiffs and the members of the FSLA Collective as an employer and/or a joint employer.

167.    Hook-SupeRx, L.L.C., a subsidiary of CVS Caremark Corporation, employed Plaintiffs and the members of the FSLA Collective as an employer and/or a joint employer.

168.    Defendants failed to pay Plaintiffs and the members of the FLSA Collective the overtime wages to which they are entitled under the FLSA.

169.    Defendants failed to keep accurate records of time worked by Plaintiffs and the

members of the FLSA Collective.

170.    Defendants' violations of the FLSA, as described in this Class Action Complaint, have been willful and intentional.

171.    Defendants did not make a good faith effort to comply with the FLSA with respect to their compensation of Plaintiffs and the members of the FLSA Collective.

172.    Because Defendants' violations of the FLSA were willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

173.    As a result of Defendants' violations of the FLSA, Plaintiffs and the members of the FLSA Collective have suffered damages by being denied overtime wages in accordance with the FLSA in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. §§ 201 *et seq.*

### SECOND CAUSE OF ACTION
**New York Labor Law Article 19, §§ 650 *et seq*., and the supporting New York State Department of Labor Regulations, 12 N.Y.C.R.R. Part 142 On behalf of the New York Plaintiffs and the New York Class Members**

174.    Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

175.    Defendants engaged in a widespread pattern, policy, and pra*ctice* of violating the NYLL, as detailed in this Class Action Complaint.

176.    At all times relevant the New York Plaintiffs and the members of the New York Class have been employees and Defendants have been employers within the meaning of the NYLL.  The New York Plaintiffs and the members of the New York Class are covered by the NYLL.

177.    CVS Caremark Corporation employed the New York Plaintiffs and the New York

Class Members as an employer and/or a joint employer.

178.    CVS Pharmacy, Inc., a subsidiary of CVS Caremark Corporation, employed the New York Plaintiffs and the New York Class Members as an employer and/or a joint employer.

179.    CVS Albany, L.L.C., a subsidiary of CVS Caremark Corporation, employed the New York Plaintiffs and the New York Class Members as an employer and/or a joint employer.

180.    Hook-SupeRx, L.L.C., a subsidiary of CVS Caremark Corporation, employed the New York Plaintiffs and the New York Class Members as an employer and/or a joint employer.

181.    Defendants failed to pay the New York Plaintiffs and the New York Class Members overtime wages to which they are entitled under NYLL Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations, including but not limited to the regulations in 12 N.Y.C.R.R. Part 142. Defendants failed to pay Plaintiffs and the New York Class Members for overtime at a wage rate of one and one-half times their regular rate of pay. Defendants failed to pay Plaintiffs and the New York Class Members overtime at wage rate of one and one-half times the basic minimum hourly rate.

182.    Defendants failed to keep, make, preserve, maintain, and furnish accurate records of time worked by Plaintiffs and the Class Members.

183.    Defendants' violations of the NYLL, as described in this Class Action Complaint, have been willful and intentional.

184.    Due to Defendants' violations of the NYLL, the New York Plaintiffs and the New York Class Members are entitled to recover from Defendants their unpaid overtime wages, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

185.    The New York Plaintiffs do not seek NYLL liquidated damages individually or on behalf of the New York Class Members.

**THIRD CAUSE OF ACTION**
**New Jersey State Wage and Hour Law, N.J.S.A. §§ 34:11-56a *et seq.*, and the supporting**
**regulations, N.J. Admin. Code §§ 12:56-1.1 *et seq.***
**On behalf of the New Jersey Plaintiffs and the New Jersey Class Members**

186.    Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

187.    Defendants engaged in a widespread pattern, policy, and practice of violating the NJSWHL, as detailed in this Class Action Complaint.

188.    Defendants' violations of the NJSWHL, as described in this Class Action Complaint, have been willful and intentional.

189.    At all times relevant, the New Jersey Plaintiffs and the New Jersey Class Members were employees and Defendants were employers within the meaning of the NJSWHL.

190.    Defendants employed the New Jersey Plaintiff and the New Jersey Class Members in New Jersey within the meaning of the term "employ[s]" in the NJSWHL.

191.    The New Jersey Plaintiff and the New Jersey Class Members are "person[s]" within the meaning of the term "person[s]" in the NJSWHL.

192.    The New Jersey Plaintiff and the New Jersey Class Members were "employees" within the meaning of the term "employee[s]" in the NJSWHL, including the definition of "employee" in NJWHL, N.J.S.A. § 34:11-4.1(b).

193.    CVS Caremark Corporation employed the New Jersey Plaintiff and the New Jersey Class Members as an employer and/or a joint employer.

194.    CVS Pharmacy, Inc., a subsidiary of CVS Caremark Corporation, employed the New Jersey Plaintiff and the New Jersey Class Members as an employer and/or a joint employer.

195.    New Jersey CVS Pharmacy, L.L.C., a subsidiary of CVS Caremark Corporation, employed Plaintiffs and the members of the FSLA Collective as an employer and/or a joint

employer.

196.    Hook-SupeRx, L.L.C., a subsidiary of CVS Caremark Corporation, employed the New Jersey Plaintiff and the New Jersey Class Members as an employer and/or a joint employer.

197.    The New Jersey Plaintiff and the New Jersey Class Members were persons suffered or permitted to work by an employer (Defendants).

198.    Defendants were employers within the meaning of the term "employer" in the NJSWHL, including the definition of "employer" in NJSWHL, N.J.S.A. § 34:11-4.1(a). Defendants are individuals, partnerships, associations, joint stock companies, trust, corporations, and/or or successors of any of the same.

199.    The overtime wage provisions of Chapter 11, Article 2 of the NJSWHL, N.J.S.A. §§ 34:11-56a *et seq.* and its supporting regulations, N.J. Admin. Code §§ 12:56-1.1 *et seq.*, apply to Defendants and protect the New Jersey Plaintiffs and the New Jersey Class Members.

200.    Defendants failed to pay the New Jersey Plaintiffs and the New Jersey Class Members the overtime wages to which they are entitled under Chapter 11, Article 2 of the NJSWHL, N.J.S.A. §§ 34:11-56a *et seq.*

201.    Defendants failed to keep, make, preserve, maintain, and furnish accurate records of time worked by the New Jersey Class Members and failed to furnish to each of them their wage and hour records showing all wages earned and due for all work performed for labor or services rendered.

202.    By Defendants' knowing or intentional failure to pay the New Jersey Plaintiffs and the New Jersey Class Members overtime wages for hours worked in excess of 40 hours per week, it has willfully violated Chapter 11, Article 2 of the NJSWHL, N.J.S.A. §§ 34:11-56a *et seq.*

36

203.    Due to Defendants' violations of Chapter 11, Article 2 of the NJSWHL, N.J.S.A.

§§ 34:11-56a *et seq.*, the New Jersey Plaintiffs and the New Jersey Class Members are entitled to

recover from Defendants their unpaid overtime wages, reasonable attorneys' fees and costs of the

action, and pre-judgment and post-judgment interest.

### FOURTH CAUSE OF ACTION
**Massachusetts Wage and Hour Law, 21 Mass. Gen. Laws Ch. 151 §§ 1A *et seq.*, Mass Gen.
Law Ch. 149 §§ 100, 101
On behalf of the Massachusetts Plaintiff and the Massachusetts Class Members**

204.    Plaintiffs reallege and incorporate by reference all allegations in all preceding

paragraphs.

205.    Defendants have engaged in a widespread pattern, policy, and practice of

violating the Massachusetts Wage Laws, as detailed in this Class Action Complaint.

206.    The foregoing conduct, as alleged, violates the Massachusetts Wage and Hour

Law, 21 Mass. Gen. Laws Ch. 151 §§ 1A *et seq.* (collectively, "Massachusetts Wage Laws").

207.    At all relevant times, Defendants have been, and continue to be, "employer[s]"

within the meaning of the Massachusetts Wage Laws.  At all relevant times, Defendants have

employed, and/or continues to employ, "employee[s]," including the Massachusetts Plaintiff, and

each of the members of the prospective Massachusetts Class, within the meaning of the

Massachusetts Wage Laws.

208.    CVS Caremark Corporation employed Massachusetts Plaintiff and Massachusetts

Class Members as an employer and/or a joint employer.

209.    CVS Pharmacy, Inc., a subsidiary of CVS Caremark Corporation, employed

Massachusetts Plaintiff and Massachusetts Class Member as an employer and/or a joint

employer.

210.    Massachusetts CVS Pharmacy, L.L.C., a subsidiary of CVS Caremark

Corporation, employed Massachusetts Plaintiff and Massachusetts Class Member as an employer and/or a joint employer.

211.    Hook-SupeRx, L.L.C., a subsidiary of CVS Caremark Corporation, employed the Massachusetts Plaintiff and Massachusetts Class Members as an employer and/or a joint employer.

212.    Massachusetts Wage Laws require an employer, such as Defendants, to compensate all non-exempt employees for all hours worked.  The Massachusetts Plaintiff and the Massachusetts Class Members are non-exempt employees entitled to be paid overtime compensation for all overtime hours worked.

213.    At all relevant times, Defendants had a policy and practice of failing and refusing to pay overtime pay to the Massachusetts Plaintiff and the Massachusetts Class Members for their hours worked in excess of 40 hours per week.

214.    As a result of Defendants' failure to pay wages earned and due, and its decision to withhold wages earned and due, to the Massachusetts Plaintiff and the Massachusetts Class Members at a rate not less than one and one-half times the regular rate of pay for work performed in excess of 40 hours in a workweek, Defendants have violated, and continue to violate, the Massachusetts Wage Laws.

215.    As a result of Defendants' failure to record, report, credit, and furnish to the Massachusetts Plaintiff and each of the Massachusetts Class Members their respective wage and hour records showing all wages earned and due for all work performed, Defendants have failed to make, keep, preserve, and furnish such records in violation of Mass. Gen. L. 151 § 15.

216.    Defendants' failure to keep and furnish the required records of hours worked for the Massachusetts Plaintiff and the Massachusetts Class Members was done with reckless

indifference to the rights of others and is willful, knowing, and intentional.

217.    The Massachusetts Plaintiff and Massachusetts Class Members regularly worked in excess of six-hour shifts without being afforded at least a half-hour meal break in which they were relieved of all duty, as required by Mass. Gen. L. ch. 149 §§ 100, 101.

218.    As a result of Defendants' failure to afford proper meal periods, they are liable to the Massachusetts Plaintiff and the Massachusetts Class Members for fines in the statutory range.

219.    The Massachusetts Plaintiff, on behalf of herself and members of the prospective Massachusetts Class Members, seeks recovery of attorneys' fees, costs, and expenses of this action to be paid by Defendants.

220.    The Massachusetts Plaintiff, on behalf of herself and the Massachusetts Class Members, seeks damages in the amount of triple the respective unpaid wages earned and due at a rate not less than one and one-half times the regular rate of pay for work performed in excess of 40 hours in a workweek, less any such wages paid, as provided by Massachusetts wage and hour law, 21 Mass. Gen. Laws ch. 151 § 1B, and such other legal and equitable relief from Defendants' unlawful and outrageous conduct as the Court deems just and proper.

### FIFTH CAUSE OF ACTION
**Pennsylvania Minimum Wage Act of 1968, 43 Pa. Stat. §§ 333.101 *et seq.* and Wage Payment and Collection Law, 43 Pa. Stat. §§ 260.1 *et seq.*
On behalf of the Pennsylvania Plaintiff and the Pennsylvania Class Members**

221.    Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

222.    Defendants have engaged in a widespread pattern, policy, and practice of violating the Pennsylvania Wage Laws, as detailed in this Class Action Complaint.

223.    The foregoing conduct, as alleged, violates Pennsylvania Minimum Wage Act of 1968, 43 Pa. Stat. §§ 333.103 *et seq.* and Wage Payment and Collection Law, 43 Pa. Stat. §§

260.1 *et seq.* (collectively "Pennsylvania Wage Laws").

224. At all relevant times, Defendants have been, and continue to be, "employer[s]" within the meaning of the Pennsylvania Wage Laws. At all relevant times, Defendants have employed, and/or continues to employ, "employee[s]," including the Pennsylvania Plaintiff, and each of the members of the prospective Pennsylvania Class, within the meaning of the Pennsylvania Wage Laws.

225. CVS Caremark Corporation employed the Pennsylvania Plaintiff and the Pennsylvania Class Members as an employer and/or a joint employer.

226. CVS Pharmacy, Inc., a subsidiary of CVS Caremark Corporation, employed the Pennsylvania Plaintiff and the Pennsylvania Class Members as an employer and/or a joint employer.

227. Pennsylvania Wage Laws require an employer, such as Defendants, to compensate all non-exempt employees for all hours worked. The Pennsylvania Plaintiff and the Pennsylvania Class Members are non-exempt employees entitled to be paid overtime compensation for all overtime hours worked.

228. At all relevant times, Defendants had a policy and practice of failing and refusing to pay overtime pay and other wages to the Pennsylvania Plaintiff and the Pennsylvania Class Members for their hours worked, including hours in excess of 40 hours per week.

229. As a result of Defendants' failure to pay wages earned and due, and its decision to withhold wages earned and due, to the Pennsylvania Plaintiff and the Pennsylvania Class Members at a rate not less than one and one-half times the regular rate of pay for work performed in excess of 40 hours in a workweek, Defendants have violated, and continue to violate, the Pennsylvania Wage Laws, including 43 Pa. Stat. § 333.104(c).

230.    As a result of Defendants' failure to record, report, credit, and furnish to each of the Pennsylvania Plaintiff and the Pennsylvania Class Members their respective wage and hour records showing all wages earned and due for all work performed, Defendants have failed to make, keep, preserve, and furnish such records, in violation of 43 Pa. Stat. § 333.108.

231.    The Pennsylvania Plaintiff, on behalf of herself and members of the prospective Pennsylvania Class, seeks recovery of attorneys' fees, costs, and expenses of this action to be paid by Defendants, as provided by 43 Pa. Stat. § 333.113.

232.    The Pennsylvania Plaintiff, on behalf of herself and members of the Pennsylvania Class, seeks damages in the amount of twice the respective unpaid wages earned and due at a rate not less than one and one-half times the regular rate of pay for work performed in excess of 40 hours in a workweek, violating the Pennsylvania Wage Laws, and such other legal and equitable relief from Defendants' unlawful and willful conduct as the Court deems just and proper.

### SIXTH CAUSE OF ACTION
**North Carolina Wage and Hour Act, N.C. Gen. Stat. §§ 95-25.1 *et seq.***
**On behalf of the North Carolina Plaintiff and the North Carolina Class Members**

233.    Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

234.    Defendants have engaged in a widespread pattern, policy, and practice of violating the North Carolina Wage Laws, as detailed in this Class Action Complaint.

235.    The foregoing conduct, as alleged, violates the North Carolina Wage and Hour Act, N.C. Gen. Stat. §§ 95-25.1 *et seq.* (collectively, "North Carolina Wage Laws").

236.    At all relevant times, Defendants have been, and continue to be, "employer[s]" within the meaning of the North Carolina Wage Laws. At all relevant times, Defendants have

employed, and/or continues to employ, "employee[s]," including the North Carolina Plaintiff, and each of the members of the prospective North Carolina Class, within the meaning of the North Carolina Wage Laws.

237.   CVS Caremark Corporation employed the North Carolina Plaintiff and the North Carolina Class Members as an employer and/or a joint employer.

238.   CVS Pharmacy, Inc., a subsidiary of CVS Caremark Corporation, employed the North Carolina Plaintiff and the North Carolina Class Members as an employer and/or a joint employer.

239.   North Carolina Wage Laws require an employer, such as Defendants, to compensate all non-exempt employees for all hours worked.  The North Carolina Plaintiff and the North Carolina Class Members are non-exempt employees entitled to be paid overtime compensation for all overtime hours worked.

240.   At all relevant times, Defendants had a policy and practice of willfully failing and refusing to pay overtime pay and other wages to the North Carolina Plaintiff and the North Carolina Class Members for their hours worked, including hours in excess of 40 hours per week.

241.   As a result of Defendants' failure to pay wages earned and due, and its decision to withhold wages earned and due, to the North Carolina Plaintiff and the North Carolina Class Members at a rate not less than one and one-half times the regular rate of pay for work performed in excess of 40 hours in a workweek, Defendants have willfully violated, and continue to violate, the North Carolina Wage Laws §§ 95-25.6, 95-25.7, 95-25.7(A), 95-25.8, and 95-25.22.

242.   As a result of Defendants' failure to record, report, credit, and furnish to the North Carolina Plaintiff and each of the North Carolina Class Members their respective wage and hour

records showing all wages earned and due for all work performed, Defendants have failed to make, keep, preserve, and furnish such records, in violation of N.C. Gen. Stat. §§ 95-25.13 and 95-25.15, and 13 N.C. Admin Code §§ 12.0801-12.0807.

243.    The North Carolina Plaintiff, on behalf of himself and members of the prospective North Carolina Class, seeks recovery of attorneys' fees, costs, and expenses of this action to be paid by Defendants.

244.    The North Carolina Plaintiff, on behalf of himself and members of the North Carolina Class, seeks damages in the amount of twice the respective unpaid wages earned (plus interest) and due at a rate not less than one and one-half times the regular rate of pay for work performed in excess of 40 hours in a workweek, North Carolina Wage Laws, specifically §§ 95-25.6, 95-25.7, 95-25.7(A), 95-25.8, and 95-25.22, and such other legal and equitable relief from Defendant's unlawful and willful conduct as the Court deems just and proper.

**SEVENTH CAUSE OF ACTION**
**Michigan Minimum Wage Law, Mich. Comp. Laws §§ 408.381 *et seq.***
**On behalf of the Michigan Plaintiff and the Michigan Class Members**

245.    Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

246.    Defendants have engaged in a widespread pattern, policy, and practice of violating the Michigan Minimum Wage Law, as detailed in this Class Action Complaint.

247.    The foregoing conduct, as alleged, violates the Michigan Minimum Wage Law, Mich. Comp. Laws §§ 408.381 *et seq.*

248.    At all relevant times, Defendants have been, and continue to be, "employer[s]" within the meaning of the Michigan Wage Laws.  At all relevant times, Defendants have employed, and/or continues to employ, "employee[s]," including the Michigan Plaintiff, and

each of the members of the prospective Michigan Class, within the meaning of the Michigan Minimum Wage Law.

249.    CVS Caremark Corporation employed the Michigan Plaintiff and the Michigan Class Members as an employer and/or a joint employer.

250.    CVS Pharmacy, Inc., a subsidiary of CVS Caremark Corporation, employed the Michigan Plaintiff and the Michigan Class Members as an employer and/or a joint employer.

251.    Michigan Minimum Wage Law requires an employer, such as Defendants, to compensate all non-exempt employees for all hours worked.  The Michigan Plaintiff and the Michigan Class Members are non-exempt employees entitled to be paid overtime compensation for all overtime hours worked.

252.    At all relevant times, Defendants had a policy and practice of failing and refusing to pay overtime pay and other wages to the Michigan Plaintiff and the Michigan Class Members for their hours worked, including hours in excess of 40 hours per week.

253.    As a result of Defendants' failure to pay wages earned and due, and its decision to withhold wages earned and due, to the Michigan Plaintiff and the Michigan Class Members at a rate not less than one and one-half times the regular rate of pay for work performed in excess of 40 hours per workweek, Defendants have violated, and continue to violate, the Michigan Minimum Wage Law, Mich. Comp. Laws § 408.384a.

254.    As a result of Defendants' failure to record, report, credit, and furnish to each of the Michigan Plaintiff and the Michigan Class Members their respective wage and hour records showing all wages earned and due for all work performed, Defendants have failed to make, keep, preserve, and furnish such records, in violation of Mich. Comp. Laws § 408.391.

255.    The Michigan Plaintiff, on behalf of himself and members of the prospective

Michigan Class, seeks recovery of attorneys' fees, costs, and expenses of this action to be paid by Defendants, as provided by Mich. Comp. Laws § 408.393(1)(a).

256.    The Michigan Plaintiff, on behalf of himself and members of the Michigan Class, seeks damages in the amount of twice the respective unpaid wages earned and due at a rate not less than one and one-half times the regular rate of pay for work performed in excess of 40 hours in a workweek, as provided by Mich. Comp. Laws § 408.393(1)(a), and such other legal and equitable relief from Defendant's unlawful and willful conduct as the Court deems just and proper.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs, individually and on behalf of all other similarly situated persons, pray for the following relief:

A.    That, at the earliest possible time, Plaintiffs be allowed to give notice of this collective action, or that the Court issue such notice, to all persons who are presently, or have at any time during the three years immediately preceding the filing of this suit, been employed by Defendants as Assistant Store Managers, except those employed in the States of Florida or Connecticut. Such notice shall inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit if they believe they were denied proper wages;

B.    Unpaid wages;

C.    An additional and equal amount as liquidated damages under the FLSA;

D.    Certification of the state law claims in this action as class actions and that the case proceed as a collective action as to the FLSA claims. (Plaintiffs reserve the right to plead individual state law wage claims for individuals who have joined this action and put

45

Defendants on notice that they may seek to do so);

        E.      Designation of each named Plaintiff as Class Representative;

        F.      A declaratory judgment that the practices complained of herein are unlawful under appropriate state law;

        G.      Appropriate equitable and injunctive relief to remedy Defendants' violations, including but not necessarily limited to an order enjoining Defendants from continuing its unlawful practices;

        H.      An award of punitive damages, liquidated damages, and/or statutory penalties where available under state law (Plaintiffs do not seek liquidated damages under the NYLL on behalf of the New York Class but reserve their right to do so depending on the United States Supreme Court's ruling in *Shady Grove Orthopedic Associates, P.A. v. Allstate Insurance Company*);

        F.      Restitution;

        G.      Pre-Judgment and Post-Judgment interest, as provided by law;

        H.      Attorneys' fees and costs of suit, including expert fees; and

        I.      Such other injunctive and equitable relief as the Court may deem just and proper.

Dated:      New York, New York
             September 4, 2009

                       Respectfully submitted,
                       **OUTTEN & GOLDEN LLP**
                       By:

                       Linda A. Neilan (LN 4095)

                       **OUTTEN & GOLDEN LLP**
                       Justin M. Swartz (JS 7989)

Linda A. Neilan (LN 4095)
Ossai Miazad (OM 1127)
3 Park Avenue, 29th Floor
New York, New York 10016
Telephone: (212) 245-1000
**Attorneys for Plaintiffs and the Putative Class**

# EXHIBIT A

## CONSENT TO JOIN

1.      I consent to be a party plaintiff in a lawsuit against CVS CAREMARK CORPORATION, CVS PHARMACY, INC., HOLIDAY CVS, L.L.C.,  and/or related entities and individuals in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. § 216(b).

2.      I hereby designate Outten & Golden LLP to represent me in such lawsuit to represent me in bringing my claim and appoint the lead named Plaintiff (as substituted or amended) to serve as my agent and make decisions on my behalf concerning the litigation and terms of settlement.

3.      I agree to be bound by any adjudication of this action by a court, whether it is favorable or unfavorable.

4.      I also consent to join any separate or subsequent action to assert my claim against CVS CAREMARK CORPORATION, CVS PHARMACY, INC., HOLIDAY CVS, L.L.C., or any related entities or persons potentially liable.

_____
Signature

_____
Full Legal Name (print)

REDACTED
_____
Address

REDACTED

City, State                                    Zip Code

CONSENT TO JOIN

1.      I consent to be a party plaintiff in a lawsuit against CVS CAREMARK CORPORATION, CVS PHARMACY, INC., HOLIDAY CVS, L.L.C., and/or related entities and individuals in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. § 216(b).

2.      I hereby designate Outten & Golden LLP to represent me in such lawsuit to represent me in bringing my claim and appoint the lead named Plaintiff (as substituted or amended) to serve as my agent and make decisions on my behalf concerning the litigation and terms of settlement.

3.      I agree to be bound by any adjudication of this action by a court, whether it is favorable or unfavorable.

4.      I also consent to join any separate or subsequent action to assert my claim against CVS CAREMARK CORPORATION, CVS PHARMACY, INC., HOLIDAY CVS, L.L.C., or any related entities or persons potentially liable.


_____
Signature

BENJAMIN    TETTEYFIO
_____
Full Legal Name (print)

REDACTED
_____
Address

REDACTED
_____
City, State                                  Zip Code

## CONSENT TO JOIN

1.      I consent to be a party plaintiff in a lawsuit against CVS CAREMARK CORPORATION, CVS PHARMACY, INC., HOLIDAY CVS, L.L.C., and/or related entities and individuals in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. § 216(b).

2.      I hereby designate Outten & Golden LLP to represent me in such lawsuit to represent me in bringing my claim and appoint the lead named Plaintiff (as substituted or amended) to serve as my agent and make decisions on my behalf concerning the litigation and terms of settlement.

3.      I agree to be bound by any adjudication of this action by a court, whether it is favorable or unfavorable.

4.      I also consent to join any separate or subsequent action to assert my claim against CVS CAREMARK CORPORATION, CVS PHARMACY, INC., HOLIDAY CVS, L.L.C., or any related entities or persons potentially liable.


_____
Signature

ANTHONY V. MANNARINO
_____
Full Legal Name (print)

REDACTED
_____
Address

REDACTED

City, State                                    Zip Code

CONSENT TO JOIN

1.     I consent to be a party plaintiff in a lawsuit against CVS CAREMARK CORPORATION, CVS PHARMACY, INC., HOLIDAY CVS, L.L.C., and/or related entities and individuals in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. § 216(b).

2.     I hereby designate Outten & Golden LLP to represent me in such lawsuit to represent me in bringing my claim and appoint the lead named Plaintiff (as substituted or amended) to serve as my agent and make decisions on my behalf concerning the litigation and terms of settlement.

3.     I agree to be bound by any adjudication of this action by a court, whether it is favorable or unfavorable.

4.     I also consent to join any separate or subsequent action to assert my claim against CVS CAREMARK CORPORATION, CVS PHARMACY, INC., HOLIDAY CVS, L.L.C., or any related entities or persons potentially liable.


_____
Signature

Christopher Michael Turko
_____
Full Legal Name (print)

**REDACTED**
Address

**REDACTED**
City, State                          Zip Code

CONSENT TO JOIN

1.      I consent to be a party plaintiff in a lawsuit against CVS CAREMARK CORPORATION, CVS PHARMACY, INC., HOLIDAY CVS, L.L.C., and/or related entities and individuals in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. § 216(b).

2.      I hereby designate Outten & Golden LLP to represent me in such lawsuit to represent me in bringing my claim and appoint the lead named Plaintiff (as substituted or amended) to serve as my agent and make decisions on my behalf concerning the litigation and terms of settlement.

3.      I agree to be bound by any adjudication of this action by a court, whether it is favorable or unfavorable.

4.      I also consent to join any separate or subsequent action to assert my claim against CVS CAREMARK CORPORATION, CVS PHARMACY, INC., HOLIDAY CVS, L.L.C., or any related entities or persons potentially liable.


_____
Signature

_____
Full Legal Name (print)

**REDACTED**
_____
Address

**REDACTED**

City, State                                 Zip Code

## CONSENT TO JOIN

    1.     I consent to be a party plaintiff in a lawsuit against CVS CAREMARK CORPORATION, CVS PHARMACY, INC., HOLIDAY CVS, L.L.C., and/or related entities and individuals in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. § 216(b).

    2.     I hereby designate Outten & Golden LLP to represent me in such lawsuit to represent me in bringing my claim and appoint the lead named Plaintiff (as substituted or amended) to serve as my agent and make decisions on my behalf concerning the litigation and terms of settlement.

    3.     I agree to be bound by any adjudication of this action by a court, whether it is favorable or unfavorable.

    4.     I also consent to join any separate or subsequent action to assert my claim against CVS CAREMARK CORPORATION, CVS PHARMACY, INC., HOLIDAY CVS, L.L.C., or any related entities or persons potentially liable.

_Denise Ramsey_
Signature

_Denise Ramsey_
Full Legal Name (print)

REDACTED
Address

REDACTED
City, State             Zip Code

REDACTED

## CONSENT TO JOIN

1.      I consent to be a party plaintiff in a lawsuit against CVS CAREMARK CORPORATION, CVS PHARMACY, INC., HOLIDAY CVS, L.L.C.,  and/or related entities and individuals in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. § 216(b).

2.      I hereby designate Outten & Golden LLP to represent me in such lawsuit to represent me in bringing my claim and appoint the lead named Plaintiff (as substituted or amended) to serve as my agent and make decisions on my behalf concerning the litigation and terms of settlement.

3.      I agree to be bound by any adjudication of this action by a court, whether it is favorable or unfavorable.

4.      I also consent to join any separate or subsequent action to assert my claim against CVS CAREMARK CORPORATION, CVS PHARMACY, INC., HOLIDAY CVS, L.L.C., or any related entities or persons potentially liable.


*RAFIK  MISSAK*
Signature

*RAFIK George MISSAK*
Full Legal Name (print)

**REDACTED**
Address

**REDACTED**
City, State                                    Zip Code

## CONSENT TO JOIN

1.      I consent to be a party plaintiff in a lawsuit against CVS CAREMARK
CORPORATION, CVS PHARMACY, INC., HOLIDAY CVS, L.L.C.,  and/or related entities
and individuals in order to seek redress for violations of the Fair Labor Standards Act, pursuant
to 29 U.S.C. § 216(b).

2.      I hereby designate Outten & Golden LLP to represent me in such lawsuit to
represent me in bringing my claim and appoint the lead named Plaintiff (as substituted or
amended) to serve as my agent and make decisions on my behalf concerning the litigation and
terms of settlement.

3.      I agree to be bound by any adjudication of this action by a court, whether it is
favorable or unfavorable.

4.      I also consent to join any separate or subsequent action to assert my claim against
CVS CAREMARK CORPORATION, CVS PHARMACY, INC., HOLIDAY CVS, L.L.C., or
any related entities or persons potentially liable.


_Jeff Andersen_
Signature

_JEFFREY BRUCE ANDERSEN_
Full Legal Name (print)

**REDACTED**
Address

**REDACTED**
City, State                              Zip Code