# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-80909-CIV- MARRA/JOHNSON

KRISTY HENDERSON,
individually and on behalf of
persons similarly situated,

     Plaintiff,

v.

HOLIDAY CVS, L.L.C,
a Florida limited liability company,
CVS CAREMARK CORPORATION,
a Delaware corporation,
d/b/a CVS/PHARMACY,
CVS PHARMACY, INC.,
a Rhode Island corporation,
d/b/a CVS/PHARMACY, and
XYZ ENTITIES 1-1000,
fictitious names of unknown liable entities,

     Defendants.

_____/

## PLAINTIFF'S MOTION TO AUTHORIZE NOTICE TO POTENTIAL CLASS MEMBERS AND INCORPORATED MEMORANDUM OF LAW

**Gregg I. Shavitz, Esq.**
E-mail: gshavitz@shavitzlaw.com
**Hal B. Anderson, Esq.**
E-mail: hal.anderson@shavitzlaw.com
SHAVITZ LAW GROUP, P.A.
1515 S. Federal Hwy., Suite 404
Boca Raton, Florida 33432
Telephone: 561-447-8888
Facsimile: 561-447-8831
Attorneys for Plaintiff & Opt-In Plaintiffs

## **PREFACE**

Plaintiff, KRISTY HENDERSON, and the additional plaintiffs opting into this collective action, have submitted the following evidence in support of this motion, subject to supplementation as discovery and investigation proceed:

1.    Notice of Filing Declarations (D.E. 32).

2.    Notice of Filing Deposition Transcripts (D.E. 33).

3.    Notice of Filing Preliminary Evidence (D.E. 34).

Plaintiff, KRISTY HENDERSON, and the additional plaintiffs[1] opting into this collective action (collectively "Plaintiffs"), request the entry of an order (1) conditionally certifying a class of current and former assistant managers who worked at the retail drugstores of Defendants, HOLIDAY CVS, L.L.C, CVS CAREMARK CORPORATION, and CVS PHARMACY, INC. (collectively, "CVS"), and (2) permitting Court-supervised notice to the class members regarding their opt-in rights for this collective action for unpaid overtime under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.* In support, Plaintiffs make the following showing:[2]

## I. INTRODUCTION

CVS Caremark Corporation was created following the merger of CVS Corporation and Caremark Rx, Inc. (NOF, D.E. 34, Ex 9). Today, Caremark has approximately 6,950 retail pharmacy stores operating in 41 states, of which approximately 681 retail drugstores are located in Florida. (*Id.*) Its corporate headquarters are located in Woonsocket, Rhode Island. (*Id.*) This case represents at least the fourth[3] time CVS has

---

[1] To date, three, additional Florida plaintiffs have opted into this collective action pursuant to 29 U.S.C. § 216(b): Wesley Gorman (whose claim was resolved by offer of judgment); Muhammad Chaudhry, and Larry Brinkley. (Another opt-in from out of state, Deborah Williams, has also joined the case.)

[2] Pursuant to the Local Rules, the undersigned certifies that by correspondence sent on September 28, 2009 to Attorney Jim Swartz, the Plaintiff attempted in good faith to confer regarding a possible resolution of this motion in advance of filing, but defense counsel never responded regarding his clients' position or the feasibility of any resolution.

[3] *Traebecke v. Holiday CVS, L.L.C.*, Case No. 09-CV-22553-Ungaro (S.D. Fla., filed Aug. 28, 2009); *Nash v. CVS Caremark Corp and Holiday CVS, L.L.C.*, No. CA 09 079 (D.R.I., filed Feb. 23, 2009); *Tata v. CVS Caremark Corporation, Holiday CVS, LLC, and CVS EGL North Wickham Road FL, LLC*, No. 6:09-CV-180 (M.D. Fla., filed Jan. 29, 2009)

been sued in recent years for unpaid overtime wages due assistant managers in Florida because CVS has mis-classified as exempt from the overtime protections of the FLSA. The instant case is alleged as a collective action under 29 U.S.C. § 216(b), which allows similarly situated workers to join this action with similar unpaid overtime claims and potentially bring closure to this stream of cases.  Such a procedure is a matter of judicial economy to avoid piecemeal litigation of the sort that has already been happening with the multiple CVS lawsuits to date.  *See Hoffmann-La Roche, Inc. v. Sperling*, 493 U.S. 165, 170-171 (U.S. 1989).  "The judicial system benefits by efficient resolution in one proceeding of common issues of law and fact arising from the same alleged … activity. These benefits, however, depend on employees receiving accurate and timely notice concerning the pendency of the collective action, so that they can make informed decisions about whether to participate." *Id.*  Here the similarly situated class of workers is alleged to be:

> all mis-classified, salaried assistant manager employees of CVS, who worked in the capacity of an assistant manager, however variously titled, at any location of every division, subsidiary, or affiliate of CVS throughout [Florida], however constituted…, in excess of forty (40) hours per workweek in one or more workweeks on or after June 2006, and who did not receive their overtime rate of pay for all of their overtime hours worked within such workweeks.

(Complaint, ¶ 10).  Simply put, Plaintiff alleges that current and former assistant managers who worked for CVS at retail drugstores in Florida during the past three years are similarly situated for purposes of claiming unpaid overtime under the FLSA.  Thus

far in the history of litigation against CVS for the mis-classification of assistant managers, no court has ruled upon this first step of notice to assistant managers.

## II. THE LAW ON STAGE-1 NOTICE TO SIMILARLY SITUATED WORKERS

Section 216(b) of the FLSA authorizes employees to bring an action on behalf of themselves and others similarly situated. 29 U.S.C. §216(b).[4] Thus, under this statutory procedure, an employee belonging to a similarly situated class of plaintiffs must "opt-in" to the class by filing a written consent with the district court in order to be bound by the outcome of the case. Without signing and filing such express consent, such an employee's claim is not included the outcome of the case. To facilitate the joining of all claims into a single, consolidated proceeding, the law authorizes ( and this motion seeks) conditional certification of an FLSA collective action pursuant to § 216(b), with notice to

---

4    Specifically, section 216(b), entitled Damages; Right of Action; Attorney's Fees and Costs; Termination of Right of Action, provides in part:

> Any employer who violates the provisions of section 6 or section 7 of this Act shall be liable to the employee or employees  affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages.  Any employer who violates the provisions of §15(a)(3) of this Act shall be liable for the legal or equitable relief as may be appropriate to effectuate the purposes of §15(a)(3), including without limitation employment, reinstatement, promotion and the payment of wages lost and an additional equal amount as liquidated damages.  An action to recover the liability prescribed in either of the proceeding sentences may be maintained against any employer (including a public agency) in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated.  **No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.**

29 U.S.C. §216(b) (emphasis added).

similarly situated employees of their right to have their claims resolved as part of this proceeding.

The Supreme Court established this procedure in *Hoffman-La Roche, Inc. v. Sperling*, 493 U.S. 165 (1989), when it held that trial courts have authority to compel defendant-employers to provide names and addresses of potential plaintiffs through the pretrial discovery process, and that this authority also included sending court-authorized consent forms to potential plaintiffs.[5]   In so doing, the Supreme Court recognized the benefits of a collective action as follows:  "A collective action allows . . . plaintiffs the advantage of lower individual costs to vindicate rights by the pooling of resources. The judicial system benefits by efficient resolution in one proceeding of common issues of law and fact arising from the same alleged . . . activity." *Id.* at 170.

The Court's authority to supervise notice to class members derives from the district court's broad discretionary power to manage the process of joining multiple parties in an orderly manner.  Because trial court involvement in the notice process is inevitable in cases with numerous plaintiffs where written consent is required by statute, it lies within the discretion of the trial court to begin its involvement early, at the point of the initial notice, rather than at some later time.  *Id.* at 169-72.  The *Hoffman-LaRoche* Court determined that court-authorization of the notice serves the legitimate goal of avoiding duplicative suits and setting cut-off dates to expedite disposition of the action. *Id.*

---

[5]  *Hoffman-La Roche* is an Age Discrimination and Employment Act (ADEA) case. Because the ADEA incorporates the remedial provisions of the Fair Labor Standards Act, the rule of law is the same for either statute.

The Eleventh Circuit follows this notice procedure for collective actions. In *Dybach v. State of Florida, Department of Corrections*, 942 F.2d 1562 (11th Cir. 1991), the Eleventh Circuit held that the district court had authority to issue an order requiring notice to "similarly situated" employees of the defendant affording them the opportunity to opt-into the collective action, as provided by section 216(b) of the FLSA. Since *Dybach*, the Eleventh Circuit has joined the other circuits in adopting a "two-tiered" approach to certification of an opt-in class for collective actions. *See, Hipp v. Liberty Nat'l Life Ins. Co.*, 252 F.3d 1208, 1219 (11th Cir. 2001). Under this two-tiered approach, the district court makes an initial determination, based solely upon the pleadings and any evidence, whether notice of the action should be given to potential class members. *Id.* at 1218. The first step occurs before consideration of the merits.[6] Because the court has minimal evidence at this stage of the proceedings, this determination is made using a fairly lenient standard, and typically results in conditional certification of a representative class. *Id*. A plaintiff merely must demonstrate a "reasonable basis" for a collective action, and "[t]he plaintiffs may meet this burden, which is not heavy, by making substantial allegations of class-wide discrimination, that is, detailed allegations supported by affidavits which successfully engage defendants' affidavits to the contrary." *Hipp*, 252 F.3d at 1219 (quoting *Grayson*, 79 F.3d at 1097). Under this lenient standard, Plaintiffs need only show by a reasonable basis (1) that the members of the proposed class are similarly situated with respect to their job

---

[6] *See Hipp*, 252 F.3d at 1217-18. The second step comes later, following discovery of the joined claims, and it allows the court to make a factual determination whether the claims are similarly situated based upon the information produced. *Hipp*, 252 F.3d at 1218.

requirements and pay provisions, and (2) that there are other individuals from the propsed class who are likely to desire to bring similar claims. *See Hipp*, 252 F.3d at 1219; *Dybach*, 942 F.2d at 1567-68.

Here, the Plaintiffs ask this Court to consider this first step, and they submit the requisite reasonable basis has been amply established that assistant managers currently or formerly working in the Florida drugstores of CVS are similarly situated and that if given notice would join this collective action, thereby fostering the efficiency of a single collective action. Under the applicable law, Plaintiffs request conditional certification and court-supervised notice be ordered accordingly.

## III. THE ALLEGATIONS AND EVIDENCE OF RECORD SHOW THAT CVS ASSISTANT MANAGERS ARE SIMILARLY SITUATED.

To establish that workers are similarly situated for notice under 29 U.S.C. § 216(b), "plaintiff[s] need only show that their positions are similar, not identical, to the positions held by the putative class members." *Hipp*, 252 F. 3d at 1217 (quoting *Grayson v. K-Mart Corp.*, 79 F.3d 1086, 1097 (11thCir. 1996)); *see also, Pendlebury v. Starbucks Coffee Company*, 2005 U.S. Dist. LEXIS 574, 18 Fla.L.WeeklyFed. D 379 (S.D. Fla. Jan. 3, 2005) (Marra, J.). The "similarly situated" requirement of § 216(b) is more elastic and less stringent than the requirements of Rule 23 (class actions), Rule 30 (joinder) and Rule 42 (severance). *Hipp*, 252 F. 3d at 1219; *Pendlebury, supra*; *White v. Osmose*, 204 F. Supp. 2d 1309, 1315 (M.D. Ala. 2002). A plaintiff merely must demonstrate a "reasonable basis" for a collective action. *Hipp*, 252 F. 3d at 1219. In *Hipp*, the Court **rejected** the defendant's contention that each plaintiff's case was unique

6

and required an individual analysis of his or her working conditions. *Hipp*, 252 F. 2d at 252. The *Hipp* Court found that it sufficient that the plaintiffs all alleged that they had the **same job title** and that they all alleged **similar, though not identical, treatment**. *Id.*

Applying these standards, numerous district courts in the Eleventh Circuit have granted conditional certification for a collective action. For example, in *Barron v. Henry County School System*, 242 F. Supp. 2d 1096, 1101 (M.D. Ala. 2003), the court granted conditional certification based upon the plaintiffs' allegations and the plaintiffs' affidavits in which they stated that they were aware of others who have worked overtime without being compensated. Noting that the "similarly situated" burden is not heavy, the court found the plaintiffs' allegations and affidavits to be sufficient. *Id.*, at 1102; *see also, White v. Osmose, supra* (court granted conditional certification for all foremen); *see generally, Morgan vs. Family Dollar Stores, Inc.*, 551 F.3d 1253 (11th Cir. 2007).

Here, the allegations of the complaint are supported by four declarations of assistant managers (Kristy Henderson, Muhammad Chaudhry, Wesley Gorman, and Larry Brinkley), as well as transcripts of depositions Defendants took of Henderson and Chaudhry, a limited deposition of Defendants' corporate representative on the duties, terms of employment, and compensation of these same two, and preliminary documentary evidence concerning a common job description and training. These assistant managers collectively worked in at least ten different CVS drugstores that span the state of Florida. Ms. Henderson worked in Palm Beach County. Mr. Chaudhry worked in stores in Duval County (that is, Jacksonville, Florida). Mr. Gorman worked in

stores in Broward County, and Mr. Brinkley worked in a store in Lake County (outside Orlando, Florida).  The assistant managers all uniformly state that they were paid a salary but not any overtime pay, despite regularly working overtime hours.  (Henderson Decl., ¶¶ 12, 15; Chaudhry Decl., ¶¶ 12, 15; Gorman Decl., ¶¶ 12, 15; Brinkley Decl., ¶¶ 12, 15) (attached to NOF, D.E. 32).  In fact, the limited pay records available at this early stage of discovery for three Assistant Managers – Henderson, Chaudhry, and Alberto Martinez[7] show that CVS regularly recorded each Assistant Manager as working a standard 45 hours each week – thus showing both similarity in working overtime and similarity in CVS' expectation of a standard, 45-hour workweek. (NOF, D.E. 34, Ex, 3-5).  This standardized workweek creates a common, class-wide characteristic of overtime worked by all assistant managers on a regular basis.

The corporate representative of CVS confirmed that all assistant managers in Florida are uniformly classified by the company as exempt from the overtime protections of the Fair Labor Labor Standards Act.  (Corp. Rep. Dep., D.E. 33, at 213:1-9). Consistent with this class-wide treatment by CVS, she acknowledged that CVS has one document setting forth "essential skills" for the assistant manager position, and she further confirmed that the assistant managers are covered by one job code and one set of salary guidelines.  (Corp. Rep. Dep. at 230:13 – 231:4).[8]  The salary ranges are set by

---

7       Alberto Martinez was dropped from the case but documentary evidence from CVS on how CVS treated him as an assistant manager working in Miami, Florida is still probative of the similarly situated nature of assistant managers across Florida.

8       While CVS' Corporate Representative refused to call the "essential skills" document a job description, the document refers to itself as a "job description" on the last page, and was

corporate headquarters in Rhode Island. (Corp. Rep. Dep. at 159:6). The classification of assistant managers as exempt was likewise set by corporate headquarters in Rhode Island. (Corp. Rep. Dep. at 171:13-14).

While CVS uniformly classified assistant managers as exempt under a common, salary-based compensation system, the managers allege similar descriptions of their work duties that render it a class-wide mis-classification, and therefore, a class-wide violation of the FLSA in failing to pay overtime. The assistant managers all give sworn statements showing that they did *not* regularly perform management duties as their primary function so as to be properly classified as exempt under the FLSA.[9] In this regard, they state:

- Assistant Managers at CVS worked under a Store Manager who supervised the Assistant Managers and all other personnel and activities at the Store.

- I did not independently supervise any particular department in the stores at which I worked.

- I did not regularly and independently supervise two or more full-time people during a workweek.

- I could not independently hire, fire or promote store personnel, and I did not give recommendations that were given any weight concerning hiring, firing or promoting store personnel.

- I spent the vast majority of my time doing work that was physical or clerical, just like the hourly employees at the store.

---

circulated in a format where it was entitled "job description," thus belying the representative's curious testimony.

9       It is an employer's burden to prove an exemption to the FLSA applies to an employee or class of employees, but at this early stage of discovery, a factual determination on the exemption – or even on whether class members are in fact similarly situated – is "not appropriate at this time," as this Court has previously recognized. *Pendlebur*y, 2005 U.S. Dist. Lexis 574, at *8.

- I was primarily responsible for setting up and maintaining plan-o-grams for merchandise sold in the store; using the cash register; stocking, cleaning and straightening merchandise on the shelves; handling customer returns and exchanges; returning expired merchandise; ordering inventory based upon prior stock levels; posting approved prices on inventory; and unloading delivery trucks, among other such duties.

- I would also fill in for non-management employees wherever help was needed at the store, and as the Store Manager directed.

(Henderson Decl., ¶¶ 5-8, 11; Chaudhry Decl., ¶¶ 5-8, 11; Gorman Decl., ¶¶ 5-8, 11; Brinkley Decl., ¶¶ 5-8, 11) (D.E. 32). The assistant managers stated that they understood these duties to be consistent for the assistant manager position. (Henderson Decl., ¶ 14; Chaudhry Decl., ¶ 14; Gorman Decl., ¶ 14; Brinkley Decl., ¶¶ 14). Thus, the assistant managers show a reasonable basis for a collective action for seeking unpaid overtime based upon the class-wide misclassification of their position under the FLSA.

The similarities among the proposed class members of assistant managers also extend beyond common mis-classification, common salaried compensation, and common non-exempt duties to include common policies and a common training program. Assistant managers typically began working at a training store under a training manager. (Henderson Decl., ¶¶ 12, 15; Chaudhry Decl., ¶¶ 12, 15; Gorman Decl., ¶¶ 12, 15; Brinkley Decl., ¶¶ 12, 15). They generally had to go through training under CVS's standardized "Store Management Development" training program. The training involved becoming certified in a list of standardized modules of education and testing on pre-defined topics, all as part of learning the skills needed to perform the basic store operations and as part of the requirements of my job. Even while in training to learn their

10

job, the assistant manages were paid a salary and considered exempt from overtime by CVS. (Henderson Decl., ¶¶ 12, 15; Chaudhry Decl., ¶¶ 12, 15; Gorman Decl., ¶¶ 12, 15; Brinkley Decl., ¶¶ 12, 15).

In discussing this training, while CVS' Corporate Representative suggested at deposition that not every assistant manager would complete every single training module, she conceded that it was a standardized program from corporate headquarters in Rhode Island and that it was divided into phases in which the first phase was purely about store operations – running cash registers, stocking inventory, etc. Phase I alone was typically expected to take five weeks. Copies of this company-wide training syllabus are filed with Plaintiff's preliminary evidence (NOF, D.E. 34, Ex. 6). In addition to the standardized training program, CVS has implemented a Code of Conduct that all employees, including its Florida assistant managers, must follow, covering policies from ethics to drug-use and attendance. (NOF, D.E. 34, Ex. 7). This Code constitutes additional, common terms of employment for the class of assistant managers. (*Id.*)

While this evidence of a common classification and common terms of employment and training for assistant managers across CVS's Florida drugstores is in and of itself sufficient to establish that the proposed class members are "similarly situated" for purposes of conditional certification and notice, Plaintiffs offer yet additional evidence which warrants conditional certification. This case is not the first time that CVS has been sued for the mis-classification of Florida assistant managers. In *Nash v. CVS Caremark Corp and Holiday CVS, L.L.C.*, No. CA 09 079 (D.R.I., filed Feb. 23,

11

2009), the two Florida plaintiffs, joined by one other, sued CVS (including its Florida subsidiary, Holiday CVS, L.L.C.), for the same unlawful mis-classification and resulting failure to pay all overtime worked that is alleged here. However, no motion for collective action certification has been pursued in that case at this time. Previously, in *Tata v. CVS Caremark Corporation, Holiday CVS, LLC, and CVS EGL North Wickham Road FL, LLC*, No. 6:09-CV-180 (M.D. Fla., filed Jan. 29, 2009), another assistant manager sued CVS for failure to pay overtime due to mis-classification – the same as the present case. And after the present case was filed, still another assistant manager filed suit against CVS in *Traebecke v. Holiday CVS, L.L.C.*, Case No. 09-CV-22553-Ungaro (S.D. Fla., filed Aug. 28, 2009), again seeking the same relief as the prior cases. Thus, in the past year alone, CVS has been sued at least four times (including the instant case) by its assistant manages for mis-classification, but no court has yet considered conditional certification and notice as a way to bring judicial economy to this steady stream of claims.[10] This copious evidence – including the evidence of prior lawsuits against the same Defendants for the exact same overtime violations – is more than sufficient to satisfy Plaintiffs' light burden and is more than sufficient to support conditional certification of a collective action. *See Reese v. Kimberly Credit Counseling, Inc.*, Case No. 06-80505-CIV-PAINE, D.E. 68 at p. 5.

---

[10] Thus, while no uniform policy is required for conditional certification, the evidence here certainly establishes such a uniform policy. *Grayson*, 75 F.3d 1095-96 ("We also hold that a unified policy, plan, or scheme of discrimination may not be required to satisfy the more liberal "similarly situated" requirement of § 216(b)").

Taken together, Plaintiffs have met the reasonable basis test for assistant managers at CVS' Florida drugstores being similarly situated for purposes of conditional class certification and notice due to the following:

    a)  common job description;

    b)  common salaried compensation and salary guidelines;

    c)  common, annual performance evaluation;

    d)  common non-exempt duties on the store floor, operating a cash register, or unloading delivery trucks;

    e)  common lack of regular, independent supervision of two or more full-time employees;

    f)  common lack of authority to hire, fire, promote, discipline independently or make recommendations of weight;

    g)  standardized corporate training program;

    h)  common Code of Conduct; and

    i)  "official" 45-hour workweek.

Indeed, in the instant case, Plaintiffs have presented significantly **more** evidence than what other Courts in the Southern District of Florida have found sufficient for conditional certification of an FLSA collective action. *See Carmody v. Fla. Ctr. for Recovery, Inc.*, 2006 U.S. Dist. LEXIS 81640 (S.D. Fla. 2006) (five affidavits sufficient for conditional certification in an FLSA overtime case); *Guerra v. Big Johnson Concrete Pumping, Inc.*, 2006 U.S. Dist. LEXIS 58484 (S.D. Fla. May 17, 2006) (conditional certification of an FLSA collective action granted with only a single opt-in plaintiff, based upon two affidavits – one from the single named plaintiff and one from opt-in

13

plaintiff); *Reyes v. Carnival Corp.*, 2005 U.S. Dist. Lexis 11948, 2005 WL 4891058 (S.D. Fla. May 25, 2005) (named plaintiff's affidavit, in combination with the two opt-in plaintiffs' notices of consent to join and affidavits sufficient to grant conditional certification of an FLSA collective action); *Bell v. Mynt Entertainment, Inc.*, 223 F.R.D. 680 (S.D. Fla. 2004) (affidavits of seven named plaintiffs sufficient for conditional certification of an FLSA collective action); *see also, Reese, supra* (affidavit of one named plaintiff and three opt-in plaintiffs, coupled with one prior lawsuit against the same defendants for the same overtime violations, sufficient for conditional certification of an FLSA collective action). On this record, and given the additional evidence below that other assistant manages would join this action if given notice, Plaintiffs request that a class be conditionally certified and that court-supervised notice to the class members be authorized.

## IV. ASSISTANT MANAGERS WOULD JOIN COLLECTIVELY, IF GIVEN NOTICE AND THE OPPORTUNITY TO DO SO.

Turning to the other prong for issuance of notice, the record also provides a reasonable basis to conclude other assistant managers would join if given notice and an opportunity to do so. The United Supreme Court has emphasized that the FLSA should be liberally applied to the furthest reaches consistent with congressional direction. *Mitchell v. Lubin, McGaughy & Associates*, 358 U.S. 207, 211 (1959). With this in mind, it is reasonable to assume that where, as here, there are similarly situated employees with the same job titles and who are alleged to have experienced the same FLSA violations, these potential class members would opt-in to the lawsuit if given

14

notice of it. *Reab v. Electronic Arts, Inc.*, 2002 WL 320769510 at * 6 (D. Col. 2002). Similarly, in <u>Barron</u>, <u>supra</u>, the court agreed to "accept, for purposes of deciding the instant motion for conditional collective action certification, that there are persons . . . who have suffered wage and hour violations who would join this suit if they had notice of the suit." *Barron*, 242 F. Supp. 2d at 1101.

As noted above, the present action follows two lawsuits by four, other assistant managers in CVS's retail drugstores in Florida who sought overtime compensation due to the same mis-classification alleged here. Since the filing of this action, three other employees who performed similar functions for CVS have already opted into this action, making a total of four plaintiffs to date in this action alone.[11] Subsequently, yet another assistant manager sued separately for the same grievance in the *Traebecke* case in this Court. The steady continuation of this litigation demonstrates the need for a collective action in Florida to address the claims of all such workers through notice and a single proceeding. It is anticipated that even more will opt-in during the briefing this Motion. Across Florida, Defendant employs about 280 assistant managers at any one time in just one of the two regions that comprise Florida. (Corp. Rep. Dep., D.E. 33, at 22:7-18). Significantly, the Plaintiffs joining this action to date already represent at least ten stores from Jacksonville down to Miami, Florida. And all these assistant managers, across the state, allege being subject to similar mis-classification, similar salaried compensation,

---

11  One claim by Wesley Gorman has since been resolved by offer of judgment.

similar terms of employment and training, and similarly non-exempt duties. All seek essentially the same relief: unpaid overtime.

This history, and the growing number of other assistant managers in CVS's stores who continue to come forward, whether in separate cases or through opting into this case, all confirm that similarly situated employees exist who desire to opt into this collective action against CVS for unpaid overtime compensation and that the Court's supervision of notice to such current and former employees is appropriate under the applicable case law for managing such claims efficiently. The common questions of law and fact predominate over any questions affecting only the Plaintiffs, and persons similarly situated to Plaintiffs. As evidenced by the number of persons so affected − as well as the persons who have already elected to opt into this case − a collective action is superior to other available methods for the fair and equitable adjudication of the controversies between the class of employees described here and the named Defendants.

## V.  NOTICE IS APPROPRIATE FOR ADDITIONAL REASONS.

Not only does the record evidence support notice under the lenient standard of the two-tiered approach to collective actions, but notice also is appropriate for several, additional reasons. First, the putative collective action members in this case have serious statute of limitations concerns. Unlike the statute of limitations for a putative class member in a Rule 23 class action, the statute of limitations for a putative collective action member is not tolled when the action is commenced. *See Redman v. U.S. West Business Resources, Inc.*, 153 F.3d 691, 695 (8th Cir. 1998). Instead, the statute of limitations

continues to run until the collective action member files his or her consent form. *Grayson v. K Mart Corp.*, 79 F.3d 1086, 1106 (11th Cir. 1996)). In the FLSA context, judicial notice promotes the remedial purpose of Section 216(b) by preventing the erosion of claims due to the running of statutes of limitations. It also eliminates the prejudice to the putative plaintiff class from the erosion of the statute of limitations. *See Beo v. BTB Services*, 2009 U.S. Dist. LEXIS 18308, at *2 (S.D. Fla. Feb. 29, 2009) ("The Court finds that Plaintiffs would be substantially prejudiced by the continued running of the statute of limitations absent conditional certification to allow Plaintiffs to provide notice to the putative Plaintiff class. Further, Defendants will not be prejudiced by conditional granting of Plaintiff's Motion to Proceed as Collective Action as they will have an opportunity to move for decertification.")

Second, because the size and geographic scope of the putative class, Plaintiffs and the Court cannot simply rely upon "word of mouth" to provide a fair method of providing timely, adequate notice of the lawsuit. As set forth above, CVS operates nationwide. At the end of 2008, it had 681 drugstores in Florida alone. During the relevant time, CVS controlled the terms of employment and compensation of hundreds of current and former assistant managers. Many of these workers may no longer be in CVS's employ or working alongside other CVS employees. Therefore, notice is the only realistic and efficient method for communicating with the class.

Finally, Plaintiffs' proposed notice (attached as <u>Exhibit "A"</u>) tracks judicial notice forms that this Court has approved in other FLSA cases. The proposed notice meets the

17

requirement of *Hoffman-LaRoche*, *supra,* that the notice be "timely, accurate, and informative." 493 U.S. at 172. Most importantly, court-supervised notice at this stage serves the beneficial purposes of collective actions by ending the piecemeal litigation that has already characterized these claims to date -- and instead offering a single, consolidated proceeding for all assistant managers who worked in CVS's stores to resolve their overtime claims.

## VI. NOTICE SHOULD BE GIVEN TO EMPLOYEES WITHIN A THREE-YEAR STATUTE OF LIMITATIONS.

Notice within a three-year statute of limitations period is appropriate in this case. The FLSA allows Plaintiffs to collect damages within a three-year statute of limitations if they can show that CVS's violation of the FLSA was "willful" – meaning the "employer either knew or showed reckless disregard for the matter of whether its conduct was prohibited by the statute." *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133 (1988). Here, the allegations of the Plaintiffs and the testimony of the service managers of uniformly point to a known practice of deducting time for lunch breaks that were not taken and failing to credit other overtime hours, all in the name of managing payroll expense. Thus, at the preliminary notice stage, Plaintiffs show a reasonable basis for a willful violation of the FLSA by CVS such that mere notice should issue to current and former employees within a three-year statute of limitations.

## VII. CONCLUSION

Under the foregoing law and the evidence of record, Plaintiffs have provided an amply reasonable basis for establishing the two prongs of *Hipp* necessary for conditional

18

class certification and notice. One, Plaintiffs clearly have defined a class of current and former employees similarly situated to them in all relevant respects – performing similar duties under a similar compensation while subjected to Defendants' unlawful failure to pay overtime. Per the testimony of assistant managers who worked in at least ten stores across Florida, for years CVS has followed a widespread practice of mis-classifying assistant manages as exempt in order to avoid paying overtime, despite requiring assistant managers routinely to work overtime hours. CVS concedes that its exempt classification applies to all assistant managers in Florida. The evidence further establishes that the Plaintiffs and other assistant employed by CVS are similarly situated in their job descriptions, duties, training, and terms and conditions of employment across Florida. Plaintiffs has shown that CVS' practice of mis-classifying assistant managers in its retail drugstores in Florida as exempt is likely a violation of the FLSA. Since this practice is applicable to this entire class of workers across all of CVS's locations in Florida, granting relief with respect to the class as a whole is appropriate. All those Florida assistant managers who worked such overtime hours would have the right to participate in this collective action.

Two, it is equally clear that Plaintiffs have reasonably established that similarly situated employees will join the case if provided with notice, through their Declarations, the additional Opt-In Plaintiffs who have joined thus far, any who join in the future, and the prior lawsuits. Additionally, questions of law or fact common to all such similarly situated employees predominate over any questions affecting only individual members.

Thus, a collective action is superior to other available methods for the fair and efficient adjudication of this controversy.

Having carried their burden, Plaintiffs ask the Court to certify conditionally a class of Florida assistant managers and authorize notice accordingly.

WHEREFORE, Plaintiffs pray that the Court enter an order (substantially in the form submitted with this motion) requiring CVS to produce the full name, date(s) and location(s) of employment, job title(s), address(es), date of birth, and telephone number(s) for each of the class members;[12] authorizing notice (substantially in the form attached as Exhibit "A")[13] with a form of consent to join (substantially in the form attached as Exhibit "B") to the class members; requiring Defendants to post the Notice, substantially in the form set forth in Exhibit "A", in a conspicuous place at each retail pharmacy in Florida where employees can see and review it for the duration of the Opt-In Period; and conditionally certifying a class of all current and former assistant managers who have worked at any retail pharmacy location or facility of every division of CVS, however constituted, throughout Florida, within a three year statute of limitations.

---

[12] The complete identification of individual members of this putative class can only be accomplished at this time through limited access to CVS's personnel records concerning such individuals under the Court-supervised procedure proposed here in order to give notice.

[13] Forms of notice with similar language, captions and organization aside, have been approved numerous times in the Southern District of Florida. *E.g., Lewis v. Iowa College Acquisition Corp. et al.*, Case No. 08-61011- CIV- JORDAN/MCALILEY; *Dieujuste v. Onyx Waste Services, Inc.*, Case No. 04-81104-CIV-HURLEY/HOPKINS; *Pelico v. Tim Grabowski Roofing*, Case No. 02-81117-CIV-MIDDLEBROOKS; *Maginnis v. Homesource Capital Mortgage Co. Ltd.*, 02-80446-CIV-DIMITROULEAS; *Othman v. Tech Master Auto Repair, Inc.*, Case No. 01-8927-CIV-FERGUSON; *Kerr v. LBL Cable of Florida*, Case No. 01-8308- CIV-RYSKAMP; *Rodriguez v. Delpa Inc.*, 96-1930-CIV-MOORE.

Dated: October 19, 2009
Boca Raton, Florida

Respectfully submitted,

**/s/GREGG I. SHAVITZ**

Gregg I. Shavitz (Fla. Bar No. 11398)
E-mail: gshavitz@shavitzlaw.com
Hal B. Anderson (Fla. Bar No. 93051)
E-mail: hal.anderson@shavitzlaw.com
SHAVITZ LAW GROUP, P.A.
1515 S. Federal Highway, Suite 404
Boca Raton, Florida 33432
Tel.: 561-447-8888; Fax: 561-447-8831
Attorneys for Plaintiffs

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I electronically filed the foregoing document with the Clerk of Court using CM/ECF on **October 19, 2009**. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Filing.

**s/GREGG I. SHAVITZ**
Gregg I. Shavitz
Hal B. Anderson

## SERVICE LIST
*Kristy Henderson v. Holiday CVS, L.L.C, et al.*
**CASE NO. 09-80909-CIV- MARRA/JOHNSON**
**United States District Court, Southern District of Florida**

James J. Swartz, Jr, Esq.                                      (via CM/ECF)
Florida Bar No. 059565
Nancy E. Rafuse, Esq., *pro hac vice*                   (via CM/ECF)
ASHE, RAFUSE & HILL, LLP
E-mail: jimswartz@asherafuse.com
1355 Peachtree Street, N.E., Suite 500
Atlanta, GA 30309
Telephone: 404-253-6000
Facsimile: 404-253-6060
Attorneys for Defendants

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-80909-CIV- MARRA/JOHNSON

KRISTY HENDERSON,
individually and on behalf of
persons similarly situated,

      Plaintiff,

v.

HOLIDAY CVS, L.L.C,
a Florida limited liability company,
CVS CAREMARK, CORPORATION,
a Delaware corporation,
d/b/a CVS/PHARMACY,
CVS PHARMACY, INC.,
a Rhode Island corporation,
d/b/a CVS/PHARMACY, and
XYZ ENTITIES 1-1000,
fictitious names of unknown liable entities,

      Defendants.
_____/

## NOTICE OF RIGHT TO JOIN LAWSUIT FOR UNPAID OVERTIME

**TO:**    **ALL CURRENT AND FORMER ASSISTANT MANAGERS WHO
WORKED FOR CVS AT ANY RETAIL PHARMACY IN THE STATE OF
FLORIDA**

**RE:**    **ACTION AGAINST CVS FOR ALLEGED FAILURE TO PAY
OVERTIME COMPENSATION TO ASSISTANT MANAGERS**

**DATE: <date>**

## I.    INTRODUCTION

This notice is to inform you about a collective action lawsuit in which you may make a claim for
damages, to advise you of how your rights may be affected by this suit, and to inform you how to
make a claim, if you so desire.

## II.      DESCRIPTION OF LAWSUIT

A lawsuit has been filed in the United States District Court for the Southern District of Florida by Kristy Henderson ("Plaintiff") against CVS Pharmacy, Inc., CVS Caremark Corporation, and Holiday CVS, L.L.C ("CVS"). The case number of that lawsuit is 09-80909-Civ - Marra/Johnson.

Plaintiff alleges that CVS violated the Fair Labor Standards Act, 29 U.S.C. § 201 et seq., by failing to pay her time and a half for all overtime hours worked as an assistant manager (that is, hours worked over 40) in any workweek.  Additional Opt-In Plaintiffs have joined the lawsuit to date, making the same allegations. (Plaintiff and Opt-In Plaintiffs are collectively referred to as "Plaintiffs")

CVS denies Plaintiffs' allegations, and CVS contends, among other defenses, that Plaintiffs were exempt from the Fair Labor Standards Act.

## III.      YOUR RIGHT TO JOIN THE LAWSUIT

If you are or have been employed by CVS in the position of salaried assistant manager at any CVS retail pharmacy in the state of Florida at any time in the past three years, and if you worked in excess of forty (40) hours in any workweek, you may join this lawsuit.

## IV.      LEGAL EFFECT OF JOINING THIS LAWSUIT

If you decide to join this lawsuit, you will be bound by the judgment of the Court, whether the decision is favorable or unfavorable to you, or any settlement of this action that may later be approved by the Court as fair and reasonable.  While the suit is proceeding, you may be required to provide information, appear for a deposition, and/or testify in court.

## V.      LEGAL EFFECT OF NOT JOINING THIS LAWSUIT

If you decide not to join this lawsuit, you will not be bound by the outcome of the lawsuit and will retain any rights you may have under the Fair Labor Standards Act. You will not be eligible to recover any back overtime wages or other relief from the case if the Plaintiffs prevail.

## VI.      LEGAL REPRESENTATION IF YOU JOIN THIS LAWSUIT

The attorney for the Plaintiffs and the proposed opt-in class is the Shavitz Law Group  1515 S. Federal Hwy, Suite 404, Boca Raton, Florida 33432.

## VII.      HOW TO JOIN THE LAWSUIT

If you wish to join this lawsuit, you must complete, sign and mail the enclosed "Consent to Join" to the **Shavitz Law Group, P.A., <address>**. Your signed consent form must be returned to the Shavitz Law Group, no later than **<day>, <date>, 2009** to be eligible to participate in this case. An envelope has been provided for your return of this form should you elect to do so.

Even if you timely file a "Consent to Join" form, your right to participate in this lawsuit will depend on whether you and the Plaintiff are actually "similarly situated" in accordance with federal law, and the statute of limitations established by law.

### VIII.   NO OPINION EXPRESSED AS TO MERITS OF LAWSUIT

This notice is for the sole purpose of providing assistant managers with information concerning their right to join this lawsuit. Although this Notice and its contents have been authorized by the Court, the Court takes no position regarding the merits of Plaintiff's claims or CVS's defenses.

### IX.      NO RETALIATION OR DISCRIMINATION PERMITTED

The Fair Labor Standards Act prohibits employers from discriminating or retaliating against any person who files a lawsuit or complaint for overtime compensation, testifies in a lawsuit under the Fair Labor Standards Act, or otherwise participate in a proceeding to recover overtime compensation under the Fair Labor Standards Act.

---

**TO JOIN THIS CASE AND SUBMIT A CLAIM YOU MUST RETURN THE ATTACHED CONSENT FORM, POST-MARKED NO LATER THAN: <day>, <date>, 2009 TO:**

> SHAVITZ LAW GROUP, P.A.
> <address>
> Telephone: 561-447-8888
> Facsimile:  561-447-8831
> Website: www.HelpingWorkers.com
> E-mail: gshavitz@HelpingWorkers.com

---